TEXTO COMPLETO DE LA RESOLUCION
Mediante el presente recurso, los peticionarios, abogados José F. Quetglas Alvarez, José F. Quetglas Jordán, Eric M. Quetglas Jordán y las sociedades legales de gananciales compuestas por ellos y sus respectivas esposas, nos exhortan a que dejemos sin efecto el dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de San Juan, el cual denegó su solicitud para que se dictase sentencia sumaria y/o se desestimara por prescripción la demanda incoada en su contra por los demandantes-recurridos, Víctor Franco Ortiz y Noris A. Campos Matos. Imputan como error que dicho foro acogió el escrito de oposición presentado por estos últimos.
Atendido el recurso ante nuestra consideración y a la luz de los fundamentos que a continuación esbozamos, denegamos la expedición del auto solicitado.
Los hechos no están en controversia. El 3 de marzo de 1994, el señor Franco Ortiz fue despedido por la Puerto Rico Telephone Co. Como resultado de ello y representado por el licenciado Reynaldo Rampolla Briganti instó, el 2 de marzo de 1995, una demanda sobre daños y perjuicios en contra de la Puerto Rico Telephone Co. y otros, caso civil número KDP-95-0227. El 22 de septiembre de 1995 solicitó la desestimación de la demanda, sin perjuicio, por desistimiento voluntario. El foro de instancia acogió la petición. El 27 de septiembre de 1995 dictó sentencia dando por desistida la reclamación sin perjuicio. Ordenó el archivo del caso. Se notificó el dictamen el 6 de octubre de 1995. Cabe mencionar que aunque no surge de los autos la documentación que acredite la aludida notificación de esa sentencia de desistimiento en esa fecha, las partes aceptan en sus escritos que ello ocurrió de esa forma.
Posteriormente, el 4 de noviembre de 1996, Franco Ortiz inició otro pleito en contra de la Puerto Rico Telephone. Esta vez en el tribunal federal para el Distrito de Puerto Rico, caso civil número 96-2341. Se basó en los mismos hechos que apoyaron la reclamación incoada en el foro estatal bajo el número KDP-95-0227. En ese momento, su representación legal la ostentaban los demandados-peticionarios. El 28 de febrero de 1997, Franco Ortiz sometió un aviso de desistimiento voluntario de esa acción, sin peijuicio. El mismo fue acogido.
Luego de ello, el 16 de septiembre de 1997, esta vez representado por el licenciado Antonio Bauza Torres, nuevamente instó en el tribunal federal para el Distrito de Puerto Rico una reclamación de daños y perjuicios en contra de la Puerto Rico Telephone Co. y otros, caso civil número 97-2380. El 29 de diciembre de 1997, ese *761 foro dictó sentencia desestimando con pequicio el caso. Concluyó, entre otras cosas, que el caso civil número KDP-95-0227 fue desistido el 6 de octubre de 1995, por lo que al presentarse el número 96-2341 el 4 de noviembre de 1996 por los demandados-peticionarios, ya había prescrito ese segundo pleito debido a que había transcurrido más de un (1) año desde que se dictó sentencia de archivo por desistimiento voluntario en el caso KDP-95-0227, el cual venció el 6 de octubre de 1996. Por ende, estaba prescrita la demanda.
De forma paralela al trámite judicial efectuado en el caso civil número 97-2380, Franco Ortiz presentó también un pleito similar ante el Tribunal de Primera Instancia, caso civil número KDP-97-2003. Solicitada la desestimación, también por razón de prescripción, se allanó a la misma. Ante ello, el 21 de abril de 1999 se dictó sentencia desestimando esa causa o acción. La misma se notificó el 27 de abril de 1999.
Así las cosas, el 2 de diciembre de 1998 demandó a los peticionarios. La recurrida Noris A. Campos Matos figura como codemandante. Ambos solicitaron que se les indemnizara por los daños sufridos como consecuencia de su alegada impericia profesional, caso civil número KDP-98-2190. Reclamaron que dichos abogados dejaron prescribir la causa de acción del codemandante Franco Ortiz. El 27 de mayo de 1999 solicitaron desistimiento de ese litigio. El 21 de julio de 1999, el foro instancia aceptó dicha petición. Dos días después notificó sentencia de archivo por desistimiento voluntario de 14 recurridos. Ordenó así la desestimación del caso sin pequicio.
El 25 de octubre de 1999, los dos demandaron nuevamente a los peticionarios por su supuesta impericia profesional, caso civil número KDP-99-1872. Alegaron, esencialmente, que el codemandante Franco Ortiz los contrató para que tramitaran en distintos foros judiciales su reclamación de daños en contra de la Puerto Rico Telephone Co. y otros. Que a esos fines, éstos instaron los pleitos identificados como civil número 97-2380 y civil número KDP-97-2003, los cuales fueron desestimados por prescripción el 29 de diciembre de 1997 y 21 de abril de 1999, respectivamente. Adujeron que sufrieron daños como resultado de esas desestimaciones, los que se debieron a la negligencia y/o impericia profesional, falta de previsibilidad y descuidos de los peticionarios.
Estos últimos comparecieron. Solicitaron la desestimación. Se basaron en la defensa de prescripción. Plantearon que al ser declaradas prescritas ambas demandas presentadas en el año 1997, ello quería decir que tenían que haber sido instadas en alguna otra fecha anterior a su desestimación. Por ello, el alegado incumplimiento de los peticionarios ocurrió, a más tardar, en algún momento durante o antes del año 1997 cuando los recurridos tuvieron o debieron haber tenido conocimiento del daño. De esa forma, el año para iniciar esta reclamación expiró durante o antes del año 1998. Al presentarse esta demanda, el 25 de octubre de 1999, reclamaron que la misma estaba prescrita.
Los recurridos se opusieron. Argumentaron que el periodo prescriptivo para la presente acción comenzó a decursar desde la fecha de las sentencias desestimatorias por prescripción en los casos civil número 97-2380 de la Corte Federal y civil número KDP-97-2003 de la local, ya que ahí fue que advinieron en conocimiento del daño. Agregaron que el caso civil número KDP-98-2190 que fue desestimado por desistimiento voluntario interrumpió el término prescriptivo, por lo que la presente demanda presentada luego se instó oportunamente.
Los peticionarios replicaron. Presentaron un escrito intitulado "Contestación [a Oposición a la] Solicitud de Desestimación por Prescripción y Solicitud de Sentencia Sumaria". Sostuvieron que el pleito debía ser desestimado porque la oposición estaba apoyada en hechos que no surgían de las alegaciones, los cuales eran de conocimiento de los recurridos y tenían que ser alegados específicamente en la demanda original, la cual no había sido enmendada. Expusieron también, como un hecho incontrovertido, que el alegado incumplimiento en su gestión profesional ocurrió el 6 de octubre de 1996, por lo que estaban prescritas, tanto la demanda sobre impericia profesional iniciada el 2 de diciembre de 1998 como la presente acción incoada el 25 de octubre de 1999, por cuanto el año para reclamar venció el 6 de octubre de 1997.
*762 Por su parte, los recurridos nuevamente se opusieron a la solicitud de desestimación. Adujeron que a pesar de que el acto negligente de los peticionarios ocurrió al no instar su reclamación en o antes del 6 de octubre de 1996, advinieron en conocimiento de ello cuando se desestimaron los demás pleitos a base de la defensa de prescripción. Plantearon, también, que no hay que alegar interrupción alguna al plazo prescriptivo. Añaden que esa alegación es una defensa afirmativa que tienen que traer los peticionarios.
El foro de instancia resolvió. Acogió la oposición a la solicitud de desestimación sometida por los recurridos. Insatisfechos, los peticionarios acuden ante nos. Le imputan al tribunal a quo haber cometido el siguiente error:

“Erró el Tribunal de Instancia al declarar No Ha Lugar la Solicitud de Desestimación y/o de Sentencia Sumaria para desestimar la demanda por prescripción. ”

Evaluadas las comparecencias de las partes en las cuales reproducen los argumentos y-planteamientos elaborados ante el foro de instancia, en unión con los documentos obrantes en autos y el derecho aplicable, resolvemos.
Comenzamos por señalar que con la presentación de una moción de desestimación, le corresponde al tribunal dar por ciertos y buenos todos los hechos alegados en la demanda. Claro está, ello se refiere únicamente a los hechos bien alegados sobre los cuales no exista duda alguna. Pressure Vessels P.R. v. Empire Gas P.R., 137 D.P.R, 497, 504-505 (1994); Ramos v. Orientalist Rattan Furnt., Inc., 130 D.P.R. 712, 728-729 (1992).
Asimismo, al evaluar dicha moción, la demanda deberá ser interpretada de la manera más liberal y favorable que sea posible a favor de la parte demandante, debiendo considerarse a su favor todas las inferencias razonables que puedan asistirle. Rivera Flores v. Cía. ABC, 138 D.P.R. 1, 9 (1995). Solamente podrá proceder la desestimación cuando se pueda concluir en términos claros y concluyentes, sin lugar a dudas, que la parte demandante no tiene derecho a algún remedio que proceda bajo cualquier escenario de hechos que puedan ser probados en apoyo de su reclamación. Pressure Vessels P.R. v. Empire Gas P.R., supra, pág. 505.
Es importante tener presente al realizar este análisis sobre la moción de desestimación que el propósito de las alegaciones es bosquejar "a grandes rasgos cuáles son las reclamaciones, de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea". Reyes v. Cantera Ramos, Inc., 96 J.T.S 9, pág. 605; Ortiz Díaz v. R & R Motor Sales Corp., 131 D.P.R. 829, 835 (1992). El descubrimiento de prueba resulta ser el mecanismo que permitirá precisar con exactitud las verdaderas cuestiones en controversia y servirá para aclarar los hechos que se intenten probar en el juicio en su fondo. Véase, Bco. Central Corp. V. Capital Plaza Inc., 135 D.P.R. 760 (1994).
Por otro lado, el Artículo 1868 del Código Civil de Puerto Rico establece que la acción para exigir responsabilidad por culpa o negligencia de que se trata el Artículo 1802, prescribe al año desde que lo supo el agraviado. 31 L.P.R.A. see. 5298(2). La prescripción constituye una forma de extinción de determinado derecho por la inercia de la relación jurídica durante un período de tiempo determinado. El transcurso de período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. Galib Frangie v. El Vocero, 138 D.P.R. 560 (1995); García Aponte v. E.L.A., 135 D.P.R. 137 (1994); Zambrana Maldonado v. E.L.A., 129 D.P.R. 740 (1992); Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943 (1991). Se trata de una institución de derecho sustantivo que se rige por las disposiciones del Código Civil de Puerto Rico. Debido a que es un fenómeno basado en la inercia del titular que nos permite presumir el abandono del derecho, si tal inactividad cesa dentro del término, la prescripción no se da al faltar uno de sus requisitos. La interrupción del término se basa en la actividad o ruptura de esa inercia. El acto interruptivo representa la manifestación inequívoca de una voluntad contraria al mantenimiento de la situación inerte manifestada ésta con anterioridad a que el plazo de deliberación se agote. García Aponte v. E.L.A., supra.
*763 La prescripción se interrumpe por el ejercicio de la acción ante los tribunales, por reclamación extrajudicial del acreedor o mediante cualquier acto de reconocimiento de deuda por parte del deudor. Artículo 1873 del Código Civil de Puerto Rico, 31 L.P.R.A. 5303; véase, Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471 (1980). Al ocurrir la interrupción, la presunción, en virtud de la cual se da la prescripción, se desvanece, por lo que resulta lógico que se deje sin efecto el plazo de tiempo transcurrido, debiendo comenzar de nuevo el transcurso del mismo. De Jesús v. Chardón, 116 D.P.R. 238 (1985); véase, Suárez Ruiz v. Figueroa Colón, 98 J.T.S. 32.
En cuanto a la utilización del mecanismo de la reclamación judicial, se ha resuelto que la presentación de una demanda de la que el actor desiste voluntariamente, sin perjuicio, interrumpe el término prescriptivo a los fines de la prescripción extintiva. Ello se debe a que la presentación oportuna de la demanda demuestra que no medió el abandono necesario derivado del simple transcurrir del tiempo. El desistimiento sin peijuicio representa una reserva del derecho de volver a presentar la reclamación. De esa forma, el término comienza a contarse de nuevo íntegramente desde que terminó definitivamente la acción ejercitada. Silva Wiscovich v. Weber Dental MFG Co., 119 D.P.R. 550 (1987); véase, García Aponte v. E.L.A., supra; Agosto v. Mun. de Río Grande, 97 J.T.S. 69. 
Al examinar la situación particular del caso que nos ocupa, a la luz del marco doctrinal antes expuesto, concluimos que no erró el tribunal de instancia al negarse a desestimar la demanda. El caso federal civil número 97-2380 se desestimó por razón de que el caso civil número 96-2341 en el que el codemandante-recurrido Franco Ortiz estuvo representado por los demandados-peticionarios, fue presentado una vez transcurrido el término prescriptivo dispuesto para ello, el cual alegadamente venció el 6 de octubre de 1996. Fue al menos a partir del 29 de diciembre de 1997, momento en que se emitió la sentencia desestimatoria en ese caso 97-2380, que los recurridos tuvieron conocimiento real del supuesto acto culposo cometido por los peticionarios consistente en alegadamente instar tardíamente el caso civil número 96-2341.
No cabe duda que los recurridos no podían ejercitar su causa de acción en contra de los peticionarios antes de que se decretara efectivamente la desestimación del caso. El que la moción para desestimar se basara en que el período prescriptivo había expirado el 6 de octubre de 1996, constituye un mero planteamiento de derecho que únicamente adquirió eficacia jurídica cuando fue acogido por el tribunal federal en ese caso. Al momento de someterse esa moción, no había certidumbre sobre la corrección de lo allí planteado. No podemos darle la virtualidad que nos argumentan los peticionarios bajo tales circunstancias.
Se desprende de los autos que tomando como punto de partida la fecha del 29 de diciembre de 1997, los recurridos oportunamente presentaron, el 2 de diciembre de 1998, el caso civil número KDP-98-2190. En el mismo, le exigieron responsabilidad a los peticionarios por sus alegados actos de impericia profesional. Aunque desistieron voluntariamente, el 21 de julio de 1999, dicha reclamación judicial interrumpió el término prescriptivo que tenían para interponer su acción en contra de los peticionarios. Por consiguiente, contando a partir de la fecha que se notificó la sentencia decretando el archivo del caso, sin perjuicio, por desistimiento voluntario -23 de julio de 1999-, es forzoso concluir que a tenor de lo alegado por los demandantes-recurridos no está prescrita la presente demanda la cual se instó el 25 de octubre de 1999, dentro del año contado a partir desde que se dictó la última sentencia de archivo por desistimiento. En vista de lo concluido, resulta innecesario que expongamos el efecto que tuvo la desestimación posterior decretada el 21 de abril de 1999 por estar prescrita la acción en el caso civil número KDP-97-2003.
Por último, no nos parece que la demanda deba ser desestimada porque de su faz suija que está prescrita la reclamación por impericia profesional relacionada con el caso civil número 97-2380. Las alegaciones cumplieron con su propósito cardinal. Claramente se notificó de forma general a los peticionarios sobre cuáles son las contenciones de los recurridos en su contra. Aunque compete al demandante demostrar y probar la fecha que se tiene conocimiento de un daño reclamado cuando ésta es distinta a la del acto culposo -Rivera Encarnación v. E.L.A., 113 D.P.R. 383 (1982)-, ante ese reclamo específico de los peticionarios, los *764 demandantes-recurridos así lo acreditaron en su escrito en oposición. La realidad procesal es que al enfrentarse con la moción para desestimar, éstos formularon su alegación en el sentido expresado al aducir que se enteraron de la consecuencia lesiva del acto culposo al dictarse la sentencia ordenándose el archivo por prescripción del caso en el tribunal federal. Por consiguiente, bajo las circunstancias presentes, resulta improcedente, en esta etapa, el archivo de la demanda mediante el mecanismo de la desestimación y/o sentencia sumaria por existir controversia sobre un hecho medular, conforme a las alegaciones de ambas partes.
Por los fundamentos y circunstancias antes expuestas resolvemos que no se cometió el error señalado por lo que procede denegar la expedición del auto solicitado.
Lo acuerda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001 DTA 40
1. Los autos reflejan que el licenciado Antonio Bauzá Torres, no los peticionarios, fue quien tramitó estos pleitos. Véase, apéndice del recurso, págs. 20-22 y 55.
2. Cabe señalar que el verdadero punto de partida para el inicio del término prescriptivo de una acción de daños y perjuicios, es la fecha en que el agraviado supo del daño y pudo ejercer su acción. Colón Prieto v. Géigel, 115 D.P.R. 232 (1984). El conocimiento que tiene el titular sobre si ha nacido ya la acción que tiene derecho a ejercer, es un factor determinante al evaluar si está prescrita o no dicha acción. Por ende, una causa de acción de daños no nace mientras el perjudicado no tenga conocimiento de su derecho a esa acción. Toledo Maldonado v. Cartagena, 132 D.P.R. 249 (1992).
3. En este caso se estableció que bajo la Regla 39.1 (a) (1) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.1 (a) (1), la presentación ante el tribunal del aviso de desistimiento puso fin al pleito y constituyó la fecha a partir de la cual comienza el transcurso del nuevo término prescriptivo.
4. En éste se resolvió que cuando el desistimiento es decretado conforme a la Regla 39.1 (b), 32 L.P.R.A. Ap. Ill, R. 39.1 (b), la orden judicial a esos efectos es el acto que pone punto final al pleito. A partir del permiso judicial es que comienza el nuevo término prescriptivo. Ese permiso se hace efectivo desde la fecha del archivo en autos de la notificación de la sentencia que lo contiene.
5. De los autos no surge si el desistimiento en el caso civil número KDP-95-0227 se efectuó bajo el inciso (a) o (b) la Regla 39.1 de Procedimiento Civil, supra, por lo que desconocemos si efectivamente el punto de partida para contar correctamente la prescripción es el 6 de octubre de 1995, fecha en que se notificó la sentencia dando por desistida dicha reclamación sin perjuicio. Sin embargo, ello no tiene consecuencia alguna para la disposición de este recurso.