**EDWIN RIVERA FLORES, demandante y recurrido, *v.* COMPAÑÍA ABC H/N/C McGAW OF PUERTO RICO, INC., demandada y recurrente.**

*Número:* CE-94-568          *Resuelto:* 15 de febrero de 1995

*Lidia González Figueroa* y *Víctor Maldonado Gómez*, de *Muñoz, Boneta, González, Arbona, Benítez & Peral*, abogados

de la peticionaria; *Pedro J. Tejada Rivera*, abogado del recurrido.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

La presente controversia versa sobre la aplicación e interrelación entre el *Americans with Disabilities Act* (en adelante A.D.A.), 42 U.S.C. sec. 12101 *et seq.*, y su contraparte en la esfera local, la Ley Núm. 44 de 2 de junio de 1985 (1 L.P.R.A. sec. 501 *et seq.*).

## I

*Hechos*

El 3 de junio de 1994 el Sr. Edwin Rivera Flores presentó una demanda contra su patrono, McGaw of Puerto Rico (en adelante McGaw), por alegadamente negarse a concederle un acomodo razonable en el lugar de trabajo a pesar de tener conocimiento de que el señor Rivera Flores sufría de un padecimiento de la espalda. El demandante Rivera Flores amparó su acción en lo dispuesto por la A.D.A. y solicitó la suma de ciento cincuenta mil dólares ($150,000) por concepto de daños y angustias mentales.

McGaw presentó una moción de desestimación predicada en la doctrina de agotamiento de remedios administrativos, toda vez que el demandante no cumplió con los trámites administrativos de rigor según dispuesto por la A.D.A. y la Ley Federal de Derechos Civiles, 42 U.S.C. sec. 1981 *et seq.* El foro de instancia denegó la desestimación. Inconforme, la demandada McGaw acude ante nos, mediante petición de *certiorari*, solicitando que revoquemos la resolución recurrida.

Luego de analizar la petición, ordenamos al recurrido señor Rivera Flores que mostrara causa por la cual no deberíamos expedir el auto solicitado y revocar la resolución del foro de instancia. El recurrido ha comparecido. Procedemos a resolver sin ulteriores procedimientos.

## II

*Legislación antidiscrimen federal y estatal*

Actualmente en Puerto Rico una persona con impedimento posee dos (2) remedios contra actuaciones discriminatorias de un patrono: uno estatal y otro federal. El remedio federal está contenido en la A.D.A. mientras que el remedio estatal lo provee la Ley Núm. 44, *supra.*

El Art. 13 de la Ley Núm. 44 (1 L.P.R.A. sec. 511), incorporó a dicho estatuto los remedios, facultades y procedimientos establecidos en la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 146 *et seq.*). Es por esta razón que una reclamación al amparo de la Ley Núm. 44, *supra*, podrá tramitarse por vía judicial mediante acción ordinaria o mediante el procedimiento de querella según el Art. 4 de la Ley Núm. 100, *supra*, 29 L.P.R.A. sec. 149. Las agencias ante las cuales el empleado puede presentar una querella son el Departamento del Trabajo y Recursos Humanos y la Oficina del Procurador de las Personas con Impedimentos. Art. 13 de la Ley Núm. 44, *supra*, 1 L.P.R.A. sec. 511. El Departamento del Trabajo ejerce jurisdicción sobre los patronos privados y las corporaciones públicas; mientras que la Oficina del Procurador de las Personas con Impedimentos la ejercerá sobre las demás agencias gubernamentales. De esta manera, si el empleado escoge la vía judicial para presentar una acción bajo la Ley Núm. 44, *supra*, no es necesario agotar los remedios administrativos disponibles.

Distinta es la norma cuando la acción se presenta al amparo de la A.D.A. La sec. 12117(a) de la A.D.A. establece específicamente que los remedios que han de concederse y el procedimiento a seguir en acciones incoadas al amparo de dicho estatuto son los provistos por las secs. 2000e-4, 2000e-5, 2000e-6, 2000e-8 y 2000e-9 del Título

VII de la Ley de Derechos Civiles, *supra.*[1] Según la citada sección, una persona que presente una querella reclamando una violación al Título VII debe agotar la vía administrativa antes de acudir al foro judicial. *Matos Molero v. Roche Products, Inc.*, 132 D.P.R. 470 (1993); *Love v. Pullman*, 404 U.S. 522 (1972). La doctrina de agotamiento de remedios ha sido adoptada específicamente para acciones incoadas bajo la A.D.A. 42 U.S.C. sec. 12117(a). Véanse: *Kent v. Director, Mo. Dept. of Elem. & Sec. Educ.*, 792 F. Supp. 59 (E.D. Mo. 1992); *Sherman v. Optical Imaging Systems, Inc.*, 843 F. Supp. 1168 (E.D. Mich. 1994).

El trámite de una reclamación por violación a la A.D.A. es, pues, el mismo trámite que se debe seguir al incoarse una querella por violación al Título VII. En *Matos Molero v. Roche Products, Inc.*, supra, págs. 477–478, expresamos sobre dicho procedimiento lo siguiente:

> Como regla general, un querellante debe presentar un cargo por discrimen ante la [Equal Employment Opportunity Commission] E.E.O.C. dentro de los ciento ochenta (180) días de la ocurrencia del alegado acto discriminatorio. Si la persona inicialmente instituye procedimientos ante una agencia estatal o local que tenga autoridad para ofrecerle un remedio, el término para presentar el cargo se extiende a trescientos (300) días, 42 U.S.C. sec. 2000e-5(e). El cargo debe ser notificado al querellado para que entonces se proceda a una investigación encaminada a determinar si existe causa razonable para creer que lo alegado en el cargo realmente sucedió. Si la E.E.O.C. no encuentra causa para proceder con el cargo, debe desestimarlo y notificar al querellante, el cual entonces tiene noventa (90) días para presentar una acción judicial. De otra parte, si la E.E.O.C. determina que existe causa para proceder, primeramente tratará de conciliar a las partes. Si no tiene éxito en eliminar la alegada práctica discriminatoria, la E.E.O.C. puede

---

[1] La sec. 12117(a) de la *Americans with Disabilities Act* dispone:

"The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment." 42 U.S.C. sec. 12117(a).

instar una acción judicial, pero si no lo hace dentro del término de ciento ochenta (180) días de haberse radicado el cargo, el querellante puede solicitar una autorización para instar demanda (*right to sue letter*). Luego de obtener dicha autorización, el querellante tiene noventa (90) días desde que la recibe para instar la acción judicial. 42 U.S.C. secs. 2000e-5(b) y (f)(1). (Énfasis en el original y escolio omitido.)

■ Ahora bien, la legislación federal contiene una política pública de darle oportunidad al foro local de considerar en primera instancia las querellas por discrimen. A estos efectos, la E.E.O.C. contrata con la agencia estatal, en este caso el Departamento del Trabajo. De esta manera los organismos estatales y federales se dividen la responsabilidad de investigar y procesar las querellas instadas bajo la legislación antidiscrimen correspondiente. Estos acuerdos se conocen como *Worksharing Agreements* y mediante el actual acuerdo suscrito entre el Departamento del Trabajo y la E.E.O.C. se incluyó la A.D.A. Así, cuando se presenta una querella ante la E.E.O.C., ésta procederá a referirla a la agencia estatal, la cual contará con el término de sesenta (60) días para procesarla bajo la disposición estatal.

■ Concluimos, pues, que un empleado que presente una acción al amparo de la A.D.A. está obligado a agotar los remedios administrativos ante el Departamento del Trabajo, mientras que si elige el remedio provisto por la Ley Núm. 44, *supra,* puede escoger entre tramitar su reclamación mediante la vía judicial directamente o presentar una querella ante las agencias administrativas facultadas para ello.

## III

*Aplicación del derecho a los hechos*

Apliquemos esta norma a la situación que nos ocupa. En la demanda presentada, el señor Rivera Flores alegó que

fue discriminado por su patrono debido a su padecimiento de la espalda, que su patrono no le proveyó el acomodo razonable y que había tomado represalias contra él. Específicamente el demandante alega que la conducta de la demandada era contraria a la disposición de la A.D.A., cita el Título I de la A.D.A. como la disposición bajo la cual nacía su causa de acción.

La norma que impera en nuestra jurisdicción es que mediante las alegaciones sólo se tiene que notificar a la otra parte, a grandes rasgos, cuáles son las reclamaciones y defensas que se tienen en su contra. Las partes deben bosquejar la controversia de manera que de ella surja la naturaleza general de las reclamaciones. citeMoa v. E.L.A., 100 D.P.R. 573 (1972); Sierra v. Tribunal Superior, 81 D.P.R. 554 (1959). La Regla 6.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que las alegaciones deberán ser sencillas y sucintas. En ellas no hay que especificar bajo qué disposición legal se reclama, basta con que de los hechos que esquemáticamente se alegan surja una causa de acción bajo cualquier ley. El tribunal concederá lo que en derecho proceda de acuerdo con los hechos que queden probados. A esos efectos, la Regla 43.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que se concederá el remedio a que tenga derecho la parte a cuyo favor se dicte la sentencia, independientemente de que ésta lo haya o no solicitado en sus alegaciones.

El Art. 9 de la Ley Núm. 44, *supra*, 1 L.P.R.A. sec. 507a, establece, en lo pertinente, la obligación del patrono de "llevar a cabo acomodos razonables en el lugar de trabajo para asegurar que se les permita a las personas con impedimentos cualificadas, trabajar efectivamente al máximo de su productividad". El citado artículo fue añadido mediante la Ley Núm. 105 de 20 de diciembre de 1991 (1 L.P.R.A. secs. 501–510), con el propósito de atemperar nuestro estatuto con la A.D.A. Surge, pues, del citado Art. 9 de la Ley Núm. 44, la obligación de proveer el acomodo

razonable, según alegara el señor Rivera Flores en su demanda.

A tenor con lo anteriormente expuesto, en la alegación referente a la A.D.A. el demandante no excluye la aplicación de cualquier otro remedio que proceda en derecho. Es decir, aun cuando menciona que las actuaciones de la demandada fueron contrarias a la A.D.A., esto no excluye que dicha conducta también sea incompatible con otras legislaciones aplicables. El señor Rivera Flores no tenía que citar en su demanda la disposición legal bajo la cual reclamaba. Bastaba con que bosquejara en las alegaciones la controversia. Cabe señalar, además, que al resolver una moción de desestimación, el tribunal debe tomar como ciertos los hechos bien alegados en la demanda y al ejercer su discreción debe hacerlo de la manera más favorable para el promovido, en este caso, el señor Rivera Flores. Véanse: *Ramos v. Orientalist Rattan Furnt., Inc.*, 130 D.P.R. 712 (1992); *González Camacho v. Santos Cruz*, 124 D.P.R. 396 (1989); *Granados Navedo v. Rodríguez Estrada I*, 124 D.P.R. 1 (1989).

Los hechos alegados en la demanda del señor Rivera Flores, analizados de la manera más favorable para éste, contienen una reclamación bajo el estatuto local. No procedía la desestimación de la demanda en esta etapa ya que éste podía presentar ante un tribunal su reclamación sin la necesidad de agotar remedios administrativos.[2]

Por los fundamentos antes expuestos, *se expide el auto solicitado y se dictará sentencia en la cual se confirma la resolución recurrida y devuelve el caso para que continúen los procedimientos de manera compatible con lo expuesto en esta opinión.*

El Juez Asociado Señor Rebollo López concurrió sin opi-

---

[2] Por no ser necesario no entraremos a discutir en esta etapa los planteamientos del señor Rivera Flores relacionados con su reclamación al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141.

nión escrita. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.