# 2001 DTA 145

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL III**

LUIS A. POMALES Y ELIZABETH GERENA, POR SI Y
EN REPRESENTACION DE LA SOCIEDAD LEGAL DE GANANCIALES
Demandantes-Apelantes

v.

COOPERATIVA DE SEGUROS DE VIDA DE PUERTO RICO (COSVI)
Demandados-Apelados

Núm. KLAN-00-01189

San Juan, Puerto Rico, a 10 de abril de 2001

Panel integrado por su Presidente, el Juez Negrón Soto,
y los Jueces Segarra Olivero y Negroni Cintrón

## TEXTO COMPLETO DE LA RESOLUCION

Luis A. Pomales, en adelante señor Pomales, señora Elizabeth Gerena y la Sociedad Legal de Bienes Gananciales por ellos compuesta, en lo sucesivo apelantes, solicitan la reconsideración de nuestro dictamen emitido el 13 de febrero de 2001 y notificada el día 15 siguiente. Estos exponen que el término de noventa (90) días para radicar una demanda judicial al amparo de la American with Disabilities Act, conocida como ADA, 42 U.S.C. secs. 12101 *et seq.*, y la Ley Núm. 44 de 2 de junio de 1985 (Ley 44), ■ 1 L.P.R.A. secs. 501 *et seq.*, quedó interrumpido a consecuencia de una demanda por ellos presentada en enero de 1997 ante el Tribunal Federal para el Distrito de Puerto Rico (Corte Federal) luego que la Equal Employment Opportunity Commission (E.E.O.C.) concluyera que COSVI no le había violado sus derechos bajo la Ley ADA. Además, alegan que erramos al concluir que el Foro de instancia resolvió la segunda moción de sentencia sumaria presentada por COSVI sin permitirle a los apelantes responder a la misma.

COSVI se opuso a la reconsideración solicitada ya que, según alega, los planteamientos de los apelantes no fueron expuestos ante el Tribunal apelado; la demanda presentada ante el Foro federal fue radicada más de un año después que la querella presentada ante el Departamento del Trabajo de Puerto Rico fuese desestimada; la demanda radicada ante la Corte Federal no incluyó ninguna solicitud bajo la ley local y el Foro de instancia actuó correctamente al no permitirles a los apelados contestar la segunda moción de sentencia sumaria, pues éstos no exponen elementos distintos a los ya considerados por este Tribunal apelativo. Le asiste la razón a los apelantes.

Para resolver lo planteado de esta forma consideraremos los hechos procesales ante nos.

## I

El 7 de octubre de 1996 **[2]** los apelantes presentaron una demanda ante el Tribunal de Primera Instancia. Alegaron que Pomales tenía derecho al pago de una suma equivalente a diez años de comisiones de todas las pólizas de seguro por él colocadas en COSVI, de las cuales esta compañía sólo había pagado el equivalente de tres años y se negó irrazonable y caprichosamente a pagar el resto. Además, sostuvieron que COSVI había cobrado las comisiones que le correspondían al señor Pomales como si fueran comisiones directas de la compañía. Expusieron que el total de las comisiones y servicios que COSVI adeudaba ascendía a la suma de $80,000 por concepto del principal más la cuantía de $6,000 por sus intereses. También, solicitaron el pago de las vacaciones anuales no pagadas, aportaciones al seguro social, pago de días por enfermedad y bono de navidad. No alegaron discrimen alguno. La señora Elizabeth Gerena estimó sus sufrimientos y angustias mentales en la suma de $100,000 y el señor Pomales en $200,000. COSVI contestó la demanda y levantó varias defensas afirmativas.

Así las cosas, el 28 de octubre de 1996 la E.E.O.C. denegó la querella presentada por el señor Pomales al amparo de la Ley ADA. En su resolución la E.E.O.C. concluyó, luego de considerar el expediente que el Departamento del Trabajo de Puerto Rico tuvo ante sí, que no se le violaron sus derechos al amparo de ADA. Además, le informó sobre su derecho a recurrir ante la Corte Federal para Puerto Rico dentro de los siguientes 90 días, a contarse a partir del recibo de la resolución. El 28 de enero de 1997, dentro de ese plazo legal, éste presentó una demanda ante la Corte Federal por derecho propio solicitando daños por violaciones al amparo de ADA y solamente solicitando se le compensara en $300,000. Alegó que su patrono, COSVI, a consecuencia de su solicitud de acomodo razonable había tomado represalias en su contra actuando de manera discriminatoria y persecutoria, negándole el pago de las comisiones y otros beneficios que por ley le correspondían y, en consecuencia, causándole serios daños emocionales.

Finalmente, aún estando pendiente este pleito en la Corte Federal, el 24 de noviembre de 1997, luego de transcurrir más de un año de su radicación, el señor Pomales presentó una demanda enmendada ante el Tribunal de Primera Instancia para incluir las causas de acción al amparo de ADA y la Ley 44. ■ En particular, expresó que como él padecía de una condición crónica de la espalda, le había solicitado una silla ortopédica como acomodo razonable a COSVI, quien había ignorado su petición durante varios meses; que la silla fue posteriormente adquirida por COSVI, luego de que el señor Pomales había visitado la Unidad Antidiscrimen y cuando éste ya no trabajaba allí, a consecuencia de habérsele solicitado la renuncia. Añadió, que al firmar el contrato como agente independiente de COSVI se le exigió que firmara un relevo general en el que renunciaba a toda causa de acción bajo la Ley 44 y ADA y cambiara los términos de la renuncia; que se llevó el relevo para estudiarlo y que COSVI le solicitó que le devolviese un cheque que se había emitido a su favor por la suma de $14,000 por concepto de comisiones adeudadas porque había que cotejar el cómputo. De hecho, él se lo devolvió.

En adición, alegó, que posteriormente se le advirtió al señor Pomales que si no cambiaba la renuncia se le iba a despedir y que el señor Pomales no firmó el relevo y COSVI se negó a pagarle los $14,000 bajo el fundamento de que había un error y ese pago no procedía. Además, afirmó que no se le suministró copia de los anejos del contrato en los que se incluían algunas condiciones especiales acordadas entre las partes, como el plan médico y el acceso a las cooperativas y que éste le comunicó a COSVI que presentaría una querella en su contra.

Respecto a la Ley Núm. 44, según enmendada por la Ley 53 del 20 de agosto de 1992 para adicionar el Artículo 13, 1 L.P.R.A. sec. 511, se dispuso que:

"*El Secretario del Trabajo y Recursos Humanos velará por el cumplimiento de esta ley en todo lo concerniente al empleo en unión al Procurador de las Personas con Impedimentos.*

*Los remedios, facultades, autoridad y procedimientos establecidos en las secs. 146, 147, 147a, 148 y 149 del Título 29 estarán disponibles para el Secretario del Trabajo y Recursos Humanos y para cualquier persona que entienda que ha sufrido discrimen en el empleo por razón de impedimento en violación a las disposiciones de las secs. 501 et seq. de este título.*

*Las agencias con facultad para hacer cumplir esta ley, el Departamento del Trabajo y Recursos Humanos y la Oficina del Procurador de las Personas con Impedimentos, desarrollarán procedimientos para garantizar que las querellas administrativas radicadas al amparo de las secs. 501 et seq. de este título, se manejen de manera que se evite la duplicidad de esfuerzos y se prevenga la imposición de medidas inconsistentes o conflictivas bajo las mismas disposiciones de las secs. 501 et seq. de este título. No más tarde de seis (6) meses a partir de la aprobación de esta ley estas agencias administrativas establecerán mecanismos de coordinación a través de reglamentación especial a esos efectos. Esta reglamentación inicial no estará sujeta a las disposiciones de la sec. 2201 del Título 3, pero cualquier enmienda, renovación o adopción de un nuevo reglamento deberá cumplir con las disposiciones de las mismas."*

La demanda enmendada fue contestada por COSVI alegando varias defensas afirmativas, entre las cuales estaba la prescripción. También presentó una reconvención.

COSVI solicitó que se dictara sentencia sumaria en el pleito ya que los hechos no estaban en controversia y, en consecuencia, se desestimara la reclamación por comisiones de los apelantes y se les impusiera el pago de las costas, gastos y honorarios de abogado del pleito. Los apelantes se opusieron a su solicitud y alegaron que ésta no procedía ya que existían controversias de hechos sustanciales en el caso. Posteriormente, COSVI presentó una segunda moción de sentencia sumaria en la que solicitó la desestimación de las causas de acción presentadas por concepto de la Ley Núm. 44 y ADA.

El Tribunal de Primera Instancia, Sala Superior de San Juan, emitió sentencia sumaria en el pleito a favor de COSVI. Desestimó la reclamación sobre el pago de comisiones y de las causas de acción bajo la Ley ADA y la Ley Núm. 44 de los apelantes, sin especial imposición de costas, gastos y honorarios de abogado.

Inconformes con la decisión del Foro de instancia, los apelantes acudieron ante nos. Mediante la sentencia del 13 de febrero de 2001 modificamos el dictamen sumario apelado para revocar la desestimación de la causa de acción por concepto del pago de comisiones y confirmar la desestimación de las causas de acción al amparo de la ADA y la Ley 44. De esta última parte de nuestra decisión es que los apelantes solicitan reconsideración. Examinemos el derecho aplicable. ■

Las personas que hacen una reclamación al amparo de la ADA están obligados a agotar los remedios administrativos ante el Departamento del Trabajo. 42 U.S.C. sec. 12117(a); *Rivera Flores v. Cía. ABC*, 138 D. P.R. 1, 7 (1985). El querellante cumple con dicho propósito cuando las reclamaciones interpuestas ante los foros administrativos y los judiciales son similares o están razonablemente relacionadas. *Reddinger v. Hospital Central Services, Inc.*, 4 F. Supp.2d 405 (Pa. 1988).

Nuestro más Alto Foro ha establecido que el trámite de una reclamación bajo la ADA es el mismo que el utilizado cuando se incoa una causa de acción bajo el Título VII de la Ley de Derechos Civiles, 42 U.S.C. sec. 1981, *et seq.; Rivera Flores v. Cía. ABC, supra*, pág. 6. A esos efectos, al citar con aprobación a *Matos Molero v. Roche Products, Inc.*, 132 D.P.R. 470 (1993), nuestro Tribunal Supremo en *Rivera Flores v. Cía. ABC, supra*, págs. 6-7, dispuso que:

*"Como regla general, un querellante debe presentar un cargo por discrimen ante la [Equal Employment Opportunity Commission] E.E.O.C. dentro de los ciento ochenta (180) días de la ocurrencia del alegado acto discriminatorio. Si la persona inicialmente instituye procedimientos ante una agencia estatal o local que tenga autoridad para ofrecerle un remedio, el término para presentar el cargo se extiende a trescientos (300) días, 42 U.S.C. sec. 2000e-5(e). El cargo debe ser notificado al querellado para que entonces se proceda a una*

*investigación encaminada a determinar si existe causa razonable para creer que lo alegado en el cargo realmente sucedió. Si la E.E.O.C. no encuentra causa para proceder con el cargo, debe desestimarlo y notificar a la querellante, la cual entonces tiene noventa (90) días para presentar una acción judicial. De otra parte, si la E.E.O.C. determina que existe causa para proceder, primeramente tratará de conciliar a las partes. Si no tiene éxito en eliminar la alegada práctica discriminatoria, la E.E.O.C. puede instar una acción judicial, pero si no lo hace dentro del término de ciento ochenta (180) días de haberse radicado el cargo, el querellante puede solicitar una autorización para instar demanda (right to sue letter). Luego de obtener dicha autorización, el querellante tiene noventa (90) días desde que la recibe para instar la acción judicial."* 42 U.S.C. secs. 2000e 5 (b) y (f) (1).

En el caso de marras, concluimos que la causa de acción reclamada en la querella original ante la Unidad Antidiscrimen del Departamento del Trabajo y posteriormente, en la querella enmendada, es similar a la establecida en la demanda enmendada. Del mismo modo, determinamos que la causa de acción presentada por el señor Pomales ante la E.E.O.C. y ante la Corte Federal al amparo de la Ley ADA es parecida a la dispuesta en la demanda enmendada. Tomando esto en consideración, examinemos nuevamente si la demanda enmendada fue presentada dentro del término legal para incoar la acción judicial. *Rivera Flores v. Cía. ABC, supra.*

La Ley 44, permite reclamaciones tanto por la vía judicial, sin tener que agotar remedios administrativos, o mediante una querella presentada, ya sea en el Departamento del Trabajo -quien ejerce su jurisdicción sobre patronos privados y corporaciones públicas- o en la Oficina de Procurador de las Personas con Impedimentos, quien la ejerce sobre las restantes entidades gubernamentales. *Rivera Flores v. Cía. ABC, supra.* Véase, *Vélez Miranda v. Servicios Legales de P.R., Inc.,* **98 J.T.S. 1**. Para presentarlas las partes contarán con el término prescriptivo de un (1) año. *Olmo v. Young Rubicam of P.R., Inc.,* 110 D.P.R. 740 (1981); *Srio. del Trabajo v. F. H. Co., Inc.,* 116 D.P.R. 823 (1986). No obstante, cuando se presenta una querella ante el Departamento en el término prescriptivo de un (1) año, la acción ante el tribunal quedará interrumpida al momento de notificarle la querella al patrono, siempre que la misma se radique o notifique dentro de ese plazo.

En igual forma ocurre cuando se presenta un cargo ante la E.E.O.C., ya que le ofrece un valor real y práctico a los remedios que tuvo el trabajador, además, de fomentar la utilización de los mecanismos de conciliación para la solución de los problemas laborales. *Matos Molero v. Roche Products, Inc., supra,* pág. 488; *Srio. del Trabajo v. F.H. Co. Inc., supra,* pág. 827. Este término quedará suspendido mientras la querella se siga tramitando en el Departamento y no se le haya notificado al querellado la determinación del Departamento con respecto a su reclamación. Véase, *Edward León Miranda v. Wackenhut Puerto Rico, Inc.,* KLAN-96-01106, Circuito Regional V, Ponce y Aibonito, Sentencia de 31 de enero de 1997.

En cuanto a la interrupción de la prescripción de las acciones, el Artículo 1873 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5303, dispone que, *"[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor".*

El fundamento de la interrupción del término prescriptivo es la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. *Durán Cepeda v. Morales Lebrón,* 112 D.P.R. 623, 625 (1982); *Feliciano v. A.A.A.,* 93 D.P.R. 655, 660 (1966). Por eso se le concede valor interruptor a la presentación de una demanda, aún cuando ésta se haya radicado ante un foro inapropiado, por ser clara la voluntad del titular de hacer valer sus derechos. *De Jesús v. Chardón,* 116 D.P.R. 238, 242 (1985). Esta interrupción no tiene que ser necesariamente realizada por el titular del derecho sino que puede ser, también, llevada a cabo por un representante voluntario o legal del titular. *Srio. del Trabajo v. F.H. Co., Inc., supra.* ■

En el caso de marras, los apelantes presentaron, una querella ante la Unidad Antidiscrimen del Departamento del Trabajo, la cual fue denegada el 31 de octubre de 1995. Posteriormente, éstos se querellaron

ante la E.E.O.C. al amparo de la ADA, querella que también fue denegada. En atención a ello, según aseveran las partes, el 28 de enero de 1997 presentaron dentro del término legal de noventa días, una demanda ante la Corte Federal. Dicha demanda, la cual gira sobre las mismas actuaciones que la demanda enmendada y expresa reclamos que quedan protegidos al amparo de la ADA y la Ley 44, interrumpió el término prescriptivo para demandar al amparo de ambas leyes ya que el señor Pomales, al presentarla ante ese Foro federal, según le advirtió la E.E.O.C., demostró inequívocamente su deseo de no perder su derecho, trayendo como consecuencia la interrupción de la prescripción. *Durán Cepeda v. Morales Lebrón, supra*, pág. 630. ■ Esta interrupción duró hasta la fecha en que advino a ser final y firme la sentencia de ese foro, que es el momento en que empezó a contar de nuevo dicho término. *Ibid.* Por todo ello, es correcto que las causas de acción bajo ADA y la Ley 44 no estaban prescritas.

Independientemente de ello, ante esos hechos aceptados por las partes, el Foro de instancia, por otras razones, tampoco tenía base para dictar la segunda sentencia sumaria solicitada, porque los documentos presentados eran insuficientes para descartar del todo la procedencia de la reclamación a tenor de la Ley 44. Ello es así, porque: el único documento que acreditó la demanda ante la Corte Federal fue una carta en español que sólo está identificada con el núm. 97-1106 RLA; desconocía si efectivamente la misma correspondía a un caso radicado en la Corte Federal, ni si de éste se solicitó su desistimiento y, si no, el status del mismo; no se presentó la copia de la sentencia recaída en ese pleito, y no se incluyó el formulario de la presentación de la querella ante la E.E.O.C.

Obviamente, sin tener copia de la querella administrativa no se desprendía bajo cuál ley o leyes se formuló la misma y los remedios que solicitó. También, sin tener copia de la sentencia que tenía que emitir la Corte Federal, no se sabía el motivo, condiciones -si algunas- y la fecha de ese dictamen, el cual era imprescindible para determinar la fecha que volvió a comenzar ese término prescriptivo.

De otro lado, tenemos que tener conocimiento de que no necesariamente los remedios que concede la Ley Núm. 44 en su Artículo 13, *ante*, los cuales señala son aquellos provistos en 29 L.P.R.A. secs. 146, 147, 147a, 148 y 149 correspondiente a la Ley Núm. 100 del 30 de junio de 1959, no necesariamente son los mismos que los del ADA. Obviamente, de tener todos los documentos completos, era entonces cuando correspondía al Foro de instancia determinar si la reclamación bajo el ADA y la Ley Núm. 44 interpuesta ante la Corte Federal conllevaba la interrupción del término prescriptivo en cuanto a ambas reclamaciones. ■

Como antes indicamos, esa era la única manera de determinar si había alguna alternativa de que la reclamación de la Ley Núm. 44 estuviera prescrita. Así, al hacerlo tenía que tener presente que en una demanda no hay que especificar la disposición de ley por la cual se reclama y que los tribunales deben conceder aquello que en derecho proceda ante los hechos probados. *Rivera Flores v. Cía. ABC, supra*.

Conforme a lo antes expresado reconsideramos nuestro dictamen y revocamos, también, la parte de sentencia sumaria apelada que desestimó las causas de acción presentadas al amparo de la Ley 44 y la ADA, debiendo continuar el trámite del pleito en el Tribunal de Primera Instancia en forma consistente con lo aquí dispuesto y, en consecuencia, queda revocado todo dicho dictamen.

Así lo ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2001 DTA 145

1. Esta Ley protege las personas con impedimentos físicos o mentales, ampliando sus oportunidades de empleo y prohibiendo su discrimen en el empleo. Esta Ley atemperó nuestra legislación con ADA. *Ríos Jaimán v. Cidra Manufacturing Op. of P.R., Inc.,* **98 J.T.S. 73.**

**2.** El señor Pomales había presentado una querellá el 16 de agosto de 1994 ante la Unidad Antidiscrimen del Departamento del Trabajo de Puerto Rico, la cual se basó en la Ley 44 y ADA. Esta fue denegada el 31 de octubre de 1995. Al señor Pomales le advirtieron, en lo relativo a su reclamación basada en el ADA, que tenía el derecho de solicitar a E.E.O.C. una revisión de la misma, lo que hizo, *infra*.

**3.** En su moción sostuvo su abogado, el Lcdo. Pedro Juan Pérez Náñez, que fue nombrado abogado de oficio por la Corte Federal y que luego de varias reuniones con el demandante recomendó enmendar la demanda en instancia y desistir de la radicada en la Corte Federal. Desconocemos cuál fue el dictamen de la Corte Federal y por consiguiente el status actual de ese caso.

**4.** Es sabido que los foros apelativos tienen la facultad de confirmar un dictamen apelado por fundamentos distintos a los expuestos por el Foro de instancia. *Sánchez v. Eastern Air Lines, Inc.*, 114 D.P.R. 691 (1983). En atención a ello y tomando sólo en cuenta la prueba que contiene el expediente ante nos, es que procedemos a reconsiderar nuestro dictamen.

**5.** Sobre las personas favorecidas por la interrupción, véase, *Nazario Acosta v. Estado Libre Asociado de P.R.*, KLAN-98-00561, Circuito Regional V, Sentencia del 22 de octubre de 1998, Juez Negroni Cintrón, Ponente, Juez Segarra y voto disidente del Juez Negrón Soto.

**6.** Al declarar con lugar la razón de pedir de los apelantes no es necesario considerar si erramos al establecer que el Foro de instancia había actuado correctamente al denegarles la oportunidad de oponerse a la segunda moción de sentencia sumaria presentada por COSVI. De todos modos, como bien alega COSVI en su solicitud de reconsideración, éstos no exponen ningún fundamento nuevo por el cual debamos reconsiderar esa parte de nuestra decisión. Véase, nuestra sentencia de 13 de febrero de 2001.

Ciertamente, luego que se resuelva el pleito en los méritos, ante la prueba que se presente, y se emita un dictamen final, cualquier parte afectada podrá ejercer el derecho de apelación y plantear cualquier error que entienda se ha cometido.

**7.** Sobre este extremo no debemos pronunciarnos en los méritos. Sin embargo, habiendo la apelada aceptado la existencia de tal demanda en la Corte Federal, el Tribunal de Primera Instancia no debió haber desestimado esas causas de acción bajo ninguna alternativa, máxime cuando se trataba de una cuestión técnica que requería que los hechos y las fechas fueran precisas y claras y que cualquier planteamiento para establecer diferencias en esas reclamaciones podría resultar en un tecnicismo, ya que ambas leyes tienen el mismo efecto de concederle determinados remedios compensatorios, aunque algunos son distintos, a los trabajadores, como es el apelante.