Pabón Chameco, Jueza Ponente
*1090 TEXTO COMPLETO DE LA SENTENCIA
Comparecen ante nos Zayda García y José Santiago Torres, por sí y en representación de la Sociedad de Bienes Gananciales compuesta por ambos, en adelante, los apelantes, solicitando que revoquemos una Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el tribunal a quo desestimó la demanda instada por los apelantes por la causal de prescripción.
Por las razones que esbozamos a continuación, se revoca la Sentencia apelada.
I
Conforme surge del expediente ante nuestra consideración, el 7 de mayo de 2002, la apelante, Zayda García, interpuso una Querella ante la Unidad Anti-discrimen del Departamento del Trabajo y Recursos Humanos, en adelante, UAD, y ante el “Equal Employment Opportunity Commission”, en adelante, EEOC. A tenor de las mismas, la apelante alegó que el 13 de diciembre de 2001 había sido despedida de su empleo injustificada y discriminatoriamente por parte de su patrono, “The Ritz Carlton Hotel, L.L.C”, en adelante, el apelado. La apelante presentó sus Querellas ante el foro administrativo al amparo de la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. sees. 146 et seq., la Ley Núm. 44 de 2 de junio de 1985, 1 L.P.R.A. sees. 501 et seq., el “Americans with Disabilities Act”, 42 U.S.C.A. secs. 12101 et seq., en adelante, Ley ADA, y el “Age Discrimination in Employment Act", 29 U.S.C. secs. 623 et seq., en adelante, Ley ADEA.
El 3 de febrero de 2003, la apelante solicitó permiso a la UAD para litigar su caso en los tribunales. La UAD concedió el permiso solicitado, mediante carta del 25 de febrero de 2003, notificada y recibida por la apelante el 12 de marzo de 2003. Asimismo, el EEOC expidió una autorización para demandar (“Notice of Right to Sue”) el 26 de marzo de 2003, mediante el cual se le notificó a la apelante que, según solicitado por ésta, se le concedía el derecho a demandar bajo la Ley ADA ante el Tribunal Federal dentro de noventa (90) días contados a partir del recibo de la autorización. El abogado de la apelante alegó que recibió la autorización el 29 de abril de 2003; sin embargo, se desconoce la fecha en que la parte recibió la referida autorización.
Así las cosas, el 13 de abril de 2004, la apelante instó la demanda de autos. Oportunamente, el apelado presentó alegación responsiva, aduciendo la defensa de prescripción. Posteriormente, el apelado presentó una moción solicitando la desestimación de la demanda por la misma causal. 
*1091 El 9 de diciembre de 2004, el Tribunal de Primera Instancia dictó Sentencia, notificada el 20 de diciembre de 2004, mediante la cual desestimó la demanda incoada.
Inconformes, los apelantes acuden ante nos. Contando con el beneficio del alegato del apelado, procedemos a resolver.
II
En su escrito, los apelantes plantean ocho (8) señalamientos de error los cuales pueden resumirse en tres (3) señalamientos. En primer lugar, los apelantes plantean que incidió el tribunal a quo al determinar que éstos no presentaron réplica a la contestación a la demanda ni a la oposición a la solicitud de desestimación; al determinar que el término de noventa (90) días para demandar, luego de que el EEOC expidió la autorización para demandar, no aplica cuando se han presentado Querellas ante la UAD, por lo que le aplica el término de un (1) año; al dictaminar que el término de noventa (90) días para demandar comienza a partir de la fecha de expedición del aviso emitido por la EEOC en vez de la fecha de su recibo; y al determinar que las Querellas administrativas presentadas ante el EEOC sólo interrumpían el término prescriptivo en cuanto a la causa de acción de la Ley ADA, supra, y no en cuanto a las causas de acción al amparo de la Ley Núm. 100, supra, y la Ley Núm. 44, supra.
III
La prescripción, según se conoce, es una institución de derecho sustantivo regulada por el Código Civil que constituye una forma de extinción de un derecho, debido a la ausencia de su ejercicio durante un tiempo determinado. Maldonado v. Russe, res. el 8 de febrero de 2001, 2001 J.T.S. 17; Vega v. Pérez & Cía, Inc., 135 D.P.R. 746 (1994). Para que la prescripción extintiva surta efecto sólo es necesario el transcurso del término legal fijado por el Código Civil. Art. 1861 del Código Civil, 31 L.P.R.A. see. 5291; Vega v. Pérez & Cía, Inc., supra. De esta forma, la aplicación de esta defensa acarrea la desestimación de cualquier demanda en que se reclame la misma. Rimco, Inc. v. Cía. de Puerto Rico, Inc., 148 D.P.R. 60 (1999).
La prescripción está enmarcada en un indudable interés público en que las reclamaciones jurídicas tengan un término prescriptivo para evitar que el poder público proteja indefinidamente los derechos no exigidos por su titular. De esta manera se protege al deudor de la inercia del acreedor. Arrieta v. Chinea Vda. de Arrieta, 139 D.P.R. 525 (1995).
Ahora bien, de conformidad con el Art. 1873 del Código Civil, 31 L.P.R.A. see. 5303, la prescripción se interrumpe por el ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier reconocimiento de deuda por el deudor. Díaz de Diana v. AJAS, Ins. Co., 110 D.P.R. 471 (1980).
Uno de los efectos de la interrupción de la prescripción es que una vez interrumpida, el término debe comenzar a computarse de nuevo por entero al cesar la causa interruptiva. De Jesús v. Chardón, 116 D.P.R. 238 (1985); Díaz de Diana v. AJAS, Ins. Co., supra.
IV
Dentro del marco antes enunciado, procedamos a resolver, antes que todo, los señalamientos de error relacionados a la prescripción de la demanda.
La Ley Núm. 100, supra, fue creada para ofrecer uña eficaz protección a los trabajadores contra diversos tipos de discrimen en el empleo, incluyendo el discrimen por razón de edad. 29 L.P.R.A. see. 146.
Ante la ausencia de término prescriptivo en la legislación, el Tribunal Supremo ha resuelto que el término para presentar una acción de daños al amparo de la Ley Núm. 100, supra, es de un (1) año. Suárez Ruiz v. Figueroa Colón, 145 D.P.R. 142, 149-50 (1998); Olmo v. Young & Rubicam of P.R., 110 D.P.R. 740 (1981); *1092 Muriel v. Suazo, 72 D.P.R. 370 (1951).
La Ley Núm. 100, supra, encuentra su homologa en la esfera federal en la Ley ADEA, supra, la cual prohíbe el discrimen en el ámbito laboral por razón de edad. 29 U.S.C. 626 (b); S.L.G. Hernández-Beltrán v. TOLIC, 151 D.P.R. 754 (2000).
De otra parte, la Ley Núm. 44, supra, fue aprobada con el fin de proteger a las personas con impedimentos físicos o mentales, para ampliar sus oportunidades de empleo y prohibir el discrimen en empleo contra tales personas. García v. Darex P.R., Inc., 148 D.P.R. 364, 385 (1999); Ríos v. Cidra Mfg. Oper. of P.R., Inc., 145 D.P.R. 746 (1998).
En vista de que esta legislación incorpora los remedios, facultades y procedimientos establecidos en la Ley Núm. 100, supra, se ha resuelto que una reclamación al amparo de la Ley Núm. 44, supra, podrá tramitarse por la vía ordinaria o mediante el procedimiento de querella estatuido por la Ley Núm. 100, supra. Rivera Flores v. Cía. ABC, 138 D.P.R. 1, 5 (1995); Ríos v. Cidra Mfg. Oper. of P.R., Inc., supra.
A tono con lo anterior, y siguiendo la doctrina asentada en Olmo v. Young & Rubicam ofP.R., supra, se ha resuelto que el término prescriptivo para presentar una demanda al palio de esta Ley es, al igual que la Ley Núm. 100, supra, de un (1) año. 
De otra parte, el 26 de julio de 1990, se aprobó la Ley ADA, supra, cuyo propósito es establecer la obligación de todo patrono de proveer acomodo razonable en el lugar de trabajo a las personas con impedimentos. Poco después de la aprobación de la Ley ADA, se enmendó la Ley Núm. 44, supra, para atemperar nuestra legislación con la Ley ADA. Véase, Ley Núm. 105 de 20 de diciembre de 1991; García v. Darex P.R., Inc., supra. Es por tal razón que se ha establecido que en Puerto Rico una persona con impedimentos posee dos (2) remedios contra actuaciones discriminatorias de un patrono. Rivera Flores v. Cía, ABC, supra.
Resulta importante señalar que, a diferencia de la legislación local, cuando una persona reclama discrimen bajo la Ley ADA, la Ley ADEA o el Título VII de la Ley de Derechos Civiles de 1964, deberá agotar los remedios administrativos. De ahí que dichos procedimientos deben seguir las regulaciones provistas por la EEOC. Véase, Matos Molero v. Roche Products, Inc., 132 D.P.R. 470 (1993); 29 U.S.C. sec. 626(d), 633(b) (Ley ADEA); 42 U.S.C. sec. 2000e-5(e) (Título VII); 42 U.S.C. sec. 12117(a)(Ley ADA); Legnani v. Alitalia Linee Aeree Italiane, 214 F.3d 683, 686 (2d Cir. 2001); Holtz v. Rockefeller & Co., 258 F.3d 62, 82-83 (2d Cir. 2001).
Ahora bien, cuando una parte presenta una querella ante la UAD, en el término prescriptivo de un (1) año, la acción ante el tribunal quedará interrumpida al momento de notificarle la querella al patrono, siempre que la misma se radique o notifique dentro de ese plazo. A tales efectos, la Ley Núm. 58 de 31 de mayo de 1991, enmendó el Art. 5 de la Ley Núm. 100, supra, para disponer lo siguiente:
"Cuando se presente una querella por discrimen en el Departamento del Trabajo y Recursos Humanos, el término prescriptivo de un año para iniciar la acción judicial quedará interrumpido al notificársele la querella ál patrono o querellado, siempre y cuando que la notificación se efectúe dentro de dicho término prescriptivo. Dicho término prescriptivo quedará, además, en: suspenso o congelado mientras la querella se continúe tramitando en el Departamento del Trabajo y Recursos Humanos y no se haya notificado al querellado la determinación del Secretario de dicho Departamento sobre la reclamación. Si mientras se está tramitando la reclamación en el Departamento del Trabajo y Recursos Humanos, el querellante solicita que se le permita retirar la querella o manifiesta que no desea continuar con dicho trámite, el término prescriptivo antes aludido comenzará nuevamente á partir de la fecha en que el Secretario del Trabajo y *1093 Recursos Humanos notifique de su determinación a las partes. En los demás casos, el término prescriptivo se interrumpirá con la reclamación extrajudicial, con la radicación de la acción judicial correspondiente o por el reconocimiento de la deuda por parte del patrono o de su agente autorizado.” (Subrayado y bastardillas nuestras).
29 L.P.R.A. see. 150.
Valga señalar que tal precepto había sido considerado ya por el Tribunal Supremo de Puerto Rico en Srio. del Trabajo v. F.H. Co., Inc., 116 D.P.R. 825 (1986), al resolver que la presentación de una querella administrativa ante la UAD tiene el efecto de “interrumpir” la correspondiente acción judicial al amparo de la Ley Núm. 100, supra.
Esta norma fue reiterada en Matos Molero v. Roche Products, Inc., supra, a las págs. 486-488, al determinar que el término prescriptivo de un (1) año para acudir al tribunal al amparo de la Ley Núm. 100, supra, queda igualmente interrumpido cuando se presenta una querella ante el EEOC, hasta tanto finalice el trámite administrativo. Véase, además, Salgado v. Atlantic Richfield, 823 F. 2d. 1322, 1326 (9no. Cir. 1987).
De otra parte, cuando una parte insta un procedimiento bajo la EEOC, tiene el derecho de diferir el trámite administrativo y solicitar autorización para instar demanda judicial. Luego de obtener dicha autorización, el querellante tiene noventa (90) días, contados a partir de su recibo, para instar la acción judicial en el tribunal federal. 42 U.S.C. secs. 2000e-5(b) y (f)(1). Matos Molero v. Roche Products, Inc., supra, a las págs. 477-478.
Sin embargo, este efecto no se extiende a las causas de acción basadas en violaciones de derechos civiles al amparo del Título VII del Acta de Derechos Civiles de 1964. Al respecto, en Matos Molero v. Roche, supra, a las págs. 483-484, se aludió a lo resuelto por el Tribunal Supremo Federal en el caso Johnson v. Railway Express Agency, 421 U.S. 424 (1975), para concluir que “el presentar un cargo ante la E.E.O.C no tenía el efecto de interrumpir el término prescriptivo para presentar una acción en los tribunales, basada en los mismos hechos, al amparo de 42 U.S.C. see. 1981, ya que ambos remedios, aunque relacionados, se consideran separados, distintos e independientes.” Ello obedece al derecho que tiene el agraviado de recurrir a varios remedios de forma independiente; bien puede acogerse al remedio federal o al estatal.
En cuanto al comienzo del cómputo de dicho término en el Código de Regulaciones Federales, se dispone expresamente que dicho término comienza a partir del recibo de la autorización para demandar.

“§1601.28 Notice of right to sue: Procedure and authority.

(a)...

(e) Content of notice of right to sue. The notice of right to sue shall include:

(1) Authorization to the aggrieved person to bring a civil action under title VII or the ADA pursuant to section 706(f)(1) of title VII or section 107 of the ADA within 90 days from receipt of such authorization;... ”.

29 C.F.R. sec. 1601.28. Véase, además, Jackson v. Continental Cargo Denver, 183 F. 3d. 1186, (10th. Cir. 1999); Salgado v. Atlantic Richfield, supra.
Asimismo, en Ortez v. Washington County, State or OR, 88 F. 3rd. 804, (9no. Cir. 1996), se dispuso lo *1094 siguiente:

“The 90-day period runs from the date that notice of the right to sue is given to the claimant. We have held that the claimant need not actually receive the notice himself and that the period ordinarily begins to run upon receipt of a right-to-sue letter at the appellant's mailing address. Scholar, 963 F.2d. at 267. Ortez filed his complaint on August 2, 1993, 94 days after April 30, 1993, the day on which the letter was apparently mailed. Based on the fact that the right-to-sue letter was apparently mailed on a Friday, the district court concluded that Ortez would not have received it until the following week. Because the 90-day period would then have ended on a weekend, the district court held that Ortez's Monday filing was timely. Defendants have not contested that holding. ”

Conforme a lo antes expuesto, puede resumirse que en el caso de autos, los términos prescriptivos de las causas de acción presentadas bajo la Ley Núm. 100, supra, y la Ley Núm. 44, supra, era de un (1) año, contado a partir del 13 de diciembre de 2001, fecha en que el apelado despidió a la apelante. Sin embargo, dichos términos fueron debidamente interrumpidos ante la presentación de las querellas tanto ante la UAD como ante la EEOC. Conforme a lo antes reseñado, la paralización del término prescriptivo se mantiene hasta tanto culminen los procedimientos administrativos. En el caso de marras, los procedimientos no finalizaron mediante resolución de las agencias concernidas, sino por petición de la apelante, quien requirió autorización a ambas agencias para diferir el cauce administrativo y así recurrir al foro judicial. Siendo esto así, procede determinar en qué momento culminaron dichos procedimientos.
A tenor de lo antes reseñado, el 3 de febrero de 2003, la apelante solicitó a la UAD permiso para litigar su causa de acción ante el foro judicial, el cual le fue concedido el 25 de febrero de 2003. De primera instancia, se entendería que desde esta última fecha comenzó a transcurrir el término prescriptivo de un (1) año. No obstante, la jurisprudencia ha establecido que la interrupción del término se extiende no sólo cuando se recurre a la UAD, sino que también aplica cuando se acude ante la EEOC. Por lo tanto, debemos tomar en cuenta la fecha en que la EEOC finalizó el procedimiento instado por la apelante.
En su Sentencia, el tribunal a quo determinó que el procedimiento administrativo ante la EEOC finalizó en la fecha que dicha agencia expidió la autorización para demandar (“Notice of Right to Sue”). Asimismo, tomó dicha fecha como punto de partida para computar el término prescriptivo de noventa (90) días para reclamar al amparo de la Ley ADA y la Ley ADEA. Tal determinación es errónea.
Como hemos visto, según la EEOC, el término prescriptivo para recurrir judicialmente al amparo de estas leyes es a partir de la fecha en que el querellante reciba la autorización para demandar. De acuerdo a los autos, la EEOC expidió la referida autorización el 26 de marzo de 2003; no obstante, el abogado de la apelante ha alegado que no recibió la misma sino hasta el 29 de abril de 2003. Sobre este particular, el apelante ha llamado a nuestra atención el hecho de que no se sabe certeramente cuál fue la fecha exacta en que no el abogado, sino la parte apelante recibió tal notificación.
Tomando ello en consideración, así como al inusual y extenso tiempo transcurrido entre la notificación y el recibo de la autorización por parte del abogado de la apelante, procede devolver el caso al Tribunal de Primera Instancia para que se celebre una vista evidenciaría en la que se determine la fecha en que la apelante recibió la autorización para demandar de parte del EEOC. La determinación de dicha fecha será imprescindible para dilucidar la fecha exacta en que culminaron los procedimientos administrativos y, consecuentemente, dirimir si al momento de incoarse la demanda, había transcurrido el término prescriptivo de un (1) año para instar las reclamaciones bajo la Ley Núm. 100, supra, y la Ley Núm. 44, supra.
En segundo lugar, la determinación de la fecha del recibo de la autorización para demandar será igualmente necesario para establecer si las causas de acción bajo la Ley ADA, supra, y la Ley ADEA, supra, estaban *1095 prescritas.
No obstante ello, a pesar de que la fecha de recibo de la autorización para demandar por parte del EEOC represente la culminación de los procedimientos administrativos, ello no significa que dicho término aplique indistintamente a todas las causas de acción, tanto estatales como federales. En conclusión y conforme a lo antes expuesto, puede resumirse que en el caso de autos, los términos prescriptivos de las causas de acción presentadas bajo la Ley Núm. 100, supra, y la Ley Núm. 44, supra, era de un (1) año, contado a partir del 13 de diciembre de 2001, fecha en que el apelado despidió a la apelante. Conforme a ello, y luego de celebrada la vista evidenciaría, el tribunal a quo estará en posición de determinar si las causas de acción en cuestión estaban prescritas.
V
Por las razones antes expuestas, se revoca la Sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaría conforme a lo antes resuelto.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria Interina del Tribunal de Apelaciones.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIOS 2005 DTA 49
1. Consecuentemente, el EEOC cerró las querellas instadas bajo la Ley ADA y la Ley ADEA.
2. Los apelantes alegan que presentaron su oposición el 24 de noviembre de 2004, mas no surge de la copia anejada en el apéndice que la misma haya sido presentada ante el Tribunal de Primera Instancia.
3. Véase, Pomales v. Cosvi, KLAN-01-00189; Colón et. als v. American Airlines, Inc., KLAN-02-00250; León Miranda v. Wackenhut Puerto Rico, Inc., KLAN-96-001106.
4. (1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. If a charge fried with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge: (A) by the person claiming to be aggrieved, or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Upon timely application, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance. Upon request, the court *1096 may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsection (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance.
5. A la luz de lo antes resuelto, entendemos innecesario la consideración del primer señalamiento de error.
Hemos apuntado que si bien las causas de acción provistas por nuestra legislación proveen, en gran medida, los mismos remedios que sus homologas en la esfera federal, ello no conlleva una total similitud. Tales acciones son independientes unas de las otras. Por tal razón, no puede extenderse a la Ley ADA, supra, ni a la Ley ADEA, supra, los términos prescriptivos provistos por nuestra legislación. De ahí que debemos respetar los términos dispuestos bajo dichos estatutos federales.
Siendo ello así, debemos concluir que el término prescriptivo de noventa (90) días para recurrir ante el foro federal bajo la Ley ADA, supra, y la Ley ADEA, supra, comenzó a partir del recibo de la notificación de la autorización para demandar.