En el Tribunal Supremo de Puerto Rico

| IRIS RIOS JAIMAN<br>      Demandante-Peticionaria<br><br>      .V<br><br>CIDRA MANUFACTURING OPERATIONS OF PR,<br>INC<br><br>      Demandado-Recurrido | CERTIORARI<br><br>98TSPR74 |
|---|---|

Número del Caso: CC-98-0226

Abogados Parte Peticionaria: LCDO. PEDRO J. VARELA FERNANDEZ

Abogados Parte Recurrida: LCDO. GUILLERMO RAMOS LUIÑA

Tribunal de Instancia: Superior, Sala de Caguas

Juez del Tribunal de Primera Instancia: HON. BRUNO CORTES TRIGO

Tribunal de Circuito de Apelaciones: CIRCUITO REGIONAL VI

Juez Ponente: HON. BRAU RAMIREZ

Fecha: 6/15/1998

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

IRIS RIOS JAIMAN

 Peticionaria

   vs.         CC-98-226    CERTIORARI

CIDRA MANUFACTURING
OPERATIONS OF P.R., INC.

 Recurrido

PER CURIAM
(REGLA 50)

San Juan, Puerto Rico, a 15 de junio de 1998.

La peticionaria, Iris Ríos Jaimán, comenzó a trabajar para su patrono Cidra Manufacturing Operations of Puerto Rico en 1982, desempeñándose como analista químico en el laboratorio de éste. Posteriormente, a partir del 1993, ocupó la posición de supervisora de sanidad. Mientras trabajaba en esta posición, desarrolló una condición de rinitis alérgica y sinusitis crónica, que le provocaba serias dificultades respiratorias. Esta condición causó que la peticionaria dejara de trabajar a partir del 18 de agosto de 1994. Luego de esta fecha, sometió a su patrono las correspondientes certificaciones médicas mensuales que reflejaban que su condición continuaba.

El 10 de julio de 1995, luego de haber estado ausente de su trabajo cerca de once meses, la peticionaria solicitó a su patrono que le proveyera acomodo razonable. En dicha comunicación, la peticionaria le indicó al patrono que su padecimiento respiratorio le impedía trabajar en lugares donde hubiese "polvo, humo, humedad o cambios extremos de temperaturas".

El 2 de agosto de 1995, los abogados del patrono le notificaron al abogado de la peticionaria que no era posible concederle la solicitud de acomodo razonable a su cliente, por entender que ella no llenaba los requisitos necesarios. En su criterio, la peticionaria podía llevar a cabo sus deberes de trabajo a pesar de su padecimiento de alergia.

El 26 de septiembre de 1995, la peticionaria presentó demanda de daños y perjuicios contra el patrono, al amparo de la Ley Núm. 44 de 2 de julio de 1985, en el Tribunal de Primera Instancia, Sala Superior de Caguas.

Luego de varios trámites procesales, el patrono presentó moción de sentencia sumaria, a la cual se opuso la peticionaria. El Tribunal de Primera Instancia dictó sentencia sumaria y desestimó la demanda. Concluyó que la condición de rinitis alérgica y sinusitis crónica de la peticionaria no le cualificaba como persona con impedimento al amparo de la Ley Núm. 44, supra, por no tratarse de una condición que limitara su capacidad de trabajar.

La peticionaria presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones, el cual, en lo esencial, confirmó la sentencia apelada.

La peticionaria entonces interpuso el presente recurso ante nos. Planteó que cometió error el Tribunal de Circuito de Apelaciones al confirmar la sentencia sumaria emitida por el Tribunal de Primera Instancia.

La parte recurrida, presentó oposición a la expedición del auto de certiorari. En vista de ello, pasamos a resolver, conforme lo dispuesto en la Regla 50 de nuestro Reglamento.

I

La Ley Núm. 44 de 2 de julio de 1985, 1 L.P.R.A. secs. 501 y ss., fue aprobada con el fin de proteger a las personas con impedimentos físicos o mentales, para ampliar sus oportunidades de empleo y prohibir el discrimen en empleo contra tales personas.

El 26 de julio de 1990, el Congreso de los Estados Unidos aprobó la "American's with Disabilities Act" ("A.D.A."), 42 U.S.C. secs. 12, 101 y ss. Este estatuto, que fortaleció la protección que ofrecía la "Rehabilitation Act" de 1973, estableció la obligación de todo patrono de proveer acomodo razonable en el lugar de trabajo a las personas con impedimentos.

Poco después de la aprobación de la A.D.A., la Asamblea Legislativa de Puerto Rico enmendó la Ley Núm. 44, supra, mediante la aprobación de la Ley Núm. 105 de 20 de diciembre

de 1991, con el fin de atemperar nuestra legislación con la A.D.A.  Véase, Rivera Flores v. Cía. ABC, opinión de 15 de febrero de 1995, 138 D.P.R. ___, 95 JTS 22.

El Artículo 9 de la Ley Núm. 44, supra, 1 L.P.R.A. sec. 507(a), establece la obligación del patrono de "llevar a cabo acomodos razonables en el lugar del trabajo para asegurar que se les permita a las personas con impedimentos cualificadas trabajar efectivamente al máximo de su productividad...". Por otro lado, el Art. 1 de dicha ley, 1 L.P.R.A. sec. 501(d) establece:

> (d)  "Persona con impedimentos físicos, mentales o sensoriales" significará toda persona con un impedimento de naturaleza motora, mental o sensorial, que le obstaculice o limite su inicio o desempeño laboral, de estudios o para el disfrute pleno de la vida y que está cualificada para llevar a cabo las funciones básicas de ese trabajo o área de estudio, con o sin acomodo razonable.
>
> Se entenderá, además, que es una persona con impedimentos, bajo la protección de este Capítulo toda aquella persona cuyo impedimento le limite sustancialmente su desempeño en una o más actividades del diario vivir; que la persona tenga un historial previo de esa condición; o se le considere como que tiene dicho impedimento aun cuando no lo tiene.
>
> Para los propósitos de este Capítulo se considerará como impedimento sensorial aquel que afecte sustancialmente, la audición, visión, tacto, olfato y el habla.

En el caso de autos, tanto el Tribunal de Circuito de Apelaciones, como el Tribunal de Primera Instancia, determinaron que en la situación de autos la demandante no había demostrado que padeciera de un impedimento que la cualificara para el acomodo razonable solicitado.  Sobre

este aspecto concluyó el Tribunal de Circuito de Apelaciones:

> "Aunque no existe controversia real sustancial en torno a que la apelante efectivamente sufre de una condición de rinitis alérgica y sinusitis crónica, del récord no se desprende la causa específica de esta condición, ni que la misma impediría a la apelante llevar a cabo otros trabajos comparables. No surge, en efecto, que el problema de la apelante se deba a un impedimento que afectaría a todas las personas igualmente situadas, requiriendo de su patrono un acomodo razonable, más bien que de una condición idiosincrática de la apelante que no existiría en otro trabajo.
>
> Según observara la ilustrada Sala de Instancia, no está claro cuál sería el acomodo razonable requerido en este caso. La apelante ha sugerido que podría trabajar en el laboratorio, pero no existe base para suponer que en esta situación la apelante no estaría igualmente expuesta a los agentes químicos que ella entiende precipitan su condición."

Como puede apreciarse en el texto transcrito, el propio foro apelativo alude a importantes cuestiones de hecho respecto a las cuales no se han formulado determinaciones judiciales, lo que demuestra que este caso no podía resolverse mediante sentencia sumaria. Para que la peticionaria pudiese demostrar si en efecto era acreedora o no a recibir los beneficios del estatuto invocado, se requería el desfile de evidencia en un juicio plenario, debido a que era necesario aquilatar y dirimir, a base de la prueba presentada por ambas partes, la obvia controversia que existía en torno a la magnitud de la limitación sensorial de la peticionaria, al igual que la controversia que también existía en torno a las distintas alternativas

que podían considerarse para que la peticionaria pudiese regresar a trabajar con el patrono en alguna labor que no le afectase su condición. No podía resolverse sumariamente que la peticionaria no demostró que fue discriminada por su patrono sin que se le confiriese una oportunidad para establecer mediante prueba, incluyendo testimonio de sus peritos médicos y químicos, anunciados en el Informe de Conferencia Antes de Juicio, si su reclamación era meritoria. No están presentes en autos las condiciones apropiadas para resolver este litigio por la vía sumaria. Reiteradamente hemos resuelto que la sentencia sumaria procede sólo cuando el promovente ha establecido su derecho con entera claridad y ha quedado demostrado que la otra parte no tiene derecho a reclamar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la evidencia presentada por el promovente. En este caso, el foro de instancia no tenía ante sí todos los hechos esenciales para hacer la determinación que hizo, por lo que no procedía dictar sentencia sumariamente. Hurtado v. Osuna, op. de 30 de junio de 1995, 138 D.P.R. ___, 95 JTS 98; Com. de Seguros v. Lebrón Román, op. de 24 de mayo de 1995, 138 D.P.R. ___, 95 JTS 68; Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1986).

Por los fundamentos expuestos, se dictará sentencia para expedir el auto solicitado, revocar los dictámenes del

foro apelativo y el foro de instancia, y devolver el caso a éste, para que continúen los procedimientos conforme a lo aquí resuelto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

IRIS RIOS JAIMAN

    Peticionaria


       vs.                                        CC-98-226        CERTIORARI


CIDRA MANUFACTURING
OPERATIONS OF P.R., INC.

    Recurrido


SENTENCIA


San Juan, Puerto Rico, a 15 de junio de 1998.



    Por los fundamentos expuestos en la Opinión Per Curiam (Regla 50) que antecede, la cual se hace formar parte de la presente, se dicta sentencia para expedir el auto solicitado, se revocan los dictámenes del Tribunal de Circuito de Apelaciones, Circuito Regional VI de Caguas/Humacao/Guayama y del Tribunal de Primera Instancia, Sala de Caguas, y se devuelve el caso a éste, para que continúen los procedimientos conforme a lo aquí resuelto.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García concurre en el resultado.



                    Isabel Llompart Zeno
              Secretaria del Tribunal Supremo