# 2006 DTA 83

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**

ROSA ISABEL FÉLIX GARCIA
Recurrida

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE LA FAMILIA; MARÍA MUÑOZ SERRANO, FULANO DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Peticionarios

Núm. KLCE-2006-00514

San Juan, Puerto Rico, a 11 de mayo de 2006

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Miranda De Hostos y la Juez Pabón Charneco

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

El peticionario Estado Libre Asociado de Puerto Rico (en adelante ELA), acude de una resolución emitida por el Tribunal de Primera Instancia, Sala de Bayamón, que declaró sin lugar su *Moción Solicitando Archivo* de la demanda presentada en su contra por discrimen, represalia y despido injustificado, instada por la recurrida Rosa I. Félix García.

Alega en síntesis el ELA que el foro de instancia incidió al no desestimar la demanda ante su consideración por falta de jurisdicción, a pesar de tratarse de un asunto de jurisdicción exclusiva de la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (en adelante Comisión Apelativa).

Se deniega expedir el auto de *certiorari*. Veamos los fundamentos.

### I

Conforme surge de los autos, la recurrida Rosa I. Félix García prestó servicios en calidad de empleada regular del Departamento de la Familia desde el 9 de septiembre de 1988, hasta el 13 de diciembre de 2002. Para la fecha de su despido, ésta se desempeñaba como Analista de Incapacidad III, del Programa de Determinación de Incapacidad de Seguro Social del Departamento de la Familia.

El 4 de septiembre de 2002, el ELA emplazó a Rosa I. Félix García, mediante carta expresando su intención de cesantía de sus servicios por razón de incapacidad, y le notificó de su derecho a una vista administrativa informal. Dicha vista fue celebrada el 9 de octubre de 2002. La recurrida Félix García se reportó al Fondo del Seguro del Estado (en adelante el FSE) el 11 de octubre de 2002, por condición emocional. Alegadamente, el

FSE le ordenó tratamiento médico y descanso. Eventualmente, el 9 de diciembre de 2002, el FSE le ordenó a la recurrida a regresar a su trabajo bajo tratamiento (CT), lo cual ésta hizo el 10 de diciembre de 2002.

**Así las cosas, el Oficial Examinador del Departamento de la Familia rindió informe recomendando la cesantía por incapacidad de la recurrida, siendo efectiva el 13 de diciembre de 2002.** La recurrida fue notificada mediante carta al respecto del 20 de diciembre de 2002, en la cual se le informó de su derecho a apelar dicha determinación ante la entonces Junta de Apelaciones del Sistema de Administración de Personal (conocida como JASAP ahora Comisión Apelativa), dentro del término de treinta (30) días contados a partir del recibo de la notificación.

El 2 de diciembre de 2003, la recurrida Félix García presentó demanda sobre despido injustificado, discrimen por incapacidad y otros, ante el Tribunal de Primera Instancia, Sala de Bayamón. (Ap. I, págs. 1-3.) Conforme surge de dicha demanda, la recurrida alegó en síntesis que:

*"6. La parte Demandada [ELA] despidió sin justa causa a la parte Demandante [Rosa I. Félix García][...].*

*7. La parte Demandante ha sido víctima de hostigamiento laboral por parte de su Supervisora directa, la Sra. María Muñoz Serrano, creándose con esta situación un ambiente hostil en el empleo.*

*8. El ambiente hostil en el lugar de empleo de la parte Demandante resultó en deterioro de su condición emocional, causándole depresión y sufriendo daños emocionales y angustias mentales.*

*9. La parte demandante se reportó al Fondo del Seguro del Estado el 11 de octubre de 2002 por condición emocional. El Fondo del Seguro del Estado determinó que la parte Demandante recibiría tratamiento médico en descanso a partir de ese mismo día.*

*10. El día 9 de diciembre de 2002, el Administrador del Fondo del Seguro del Estado autorizó a la parte Demandante a regresar a su empleo mientras ésta continuaba en tratamiento (C.T.). La parte Demandante regresó a sus labores el 10 de diciembre de 2002.*

*11. El 13 de diciembre de 2002, habiendo la parte Demandante regresado a trabajar, fue cesanteada por incapacidad, con carta fechada el 20 de noviembre de 2002, estando aún bajo tratamiento en el Fondo del Seguro del Estado.*

*[...]*

*13. La parte Demandada cesanteó a la parte Demandante, por haber ésta acudido a recibir tratamiento al Fondo del Seguro del Estado, en represalia y en contravención con la Ley [...]."* (Énfasis suplido.)

(Ap. I, págs. 1-3.)

El 14 de febrero de 2006, el ELA presentó *"Moción de Archivo"* solicitando la desestimación de dicha demanda. Sostuvo, en síntesis, que el foro de instancia no tenía jurisdicción para dilucidar tal controversia, puesto que la Comisión Apelativa tiene jurisdicción primaria exclusiva al respecto. (Ap. III, págs. 7-12.) Por su parte, la recurrida presentó oposición a dicha moción, el 6 de marzo de 2006, alegando que se trataba de una demanda en daños y perjuicios por discrimen, por lo cual el foro judicial tenía jurisdicción sobre el caso. (Ap. IV, págs. 13-18.)

El 9 de marzo de 2006, el tribunal de instancia emitió una *"Minuta Resolución"*, en la cual declaró no ha lugar la moción de desestimación presentada por el ELA y mantuvo jurisdicción sobre la demanda. (Ap. II,

págs. 4-6.)

Inconforme con tal determinación, el ELA acude ante nos en *certiorari*.

## II
Expuestos los hechos pertinentes, procedemos a discutir la norma jurídica aplicable.

## A
**Jurisdicción Primaria de la Comisión Apelativa**

Conforme a la Ley Núm. 184 de 3 de agosto de 2004, se le reconoce a la Comisión Apelativa, antes JASAP, la jurisdicción exclusiva de las apelaciones, entre otros, de los empleados dentro del Sistema de Administración de los Recursos Humanos del Gobierno de Puerto Rico. 31 L.P.R.A. sec. 1481(1). (Supl. 2005.) Esa jurisdicción se extiende desde casos relacionados al sistema de personal a las áreas esenciales del mérito, hasta otras, tales como acciones disciplinarias, beneficios marginales y la jornada de trabajo. *Cf. López Vives v. Policía de P. R.,* 118 D.P.R. 219 229 (1987); *Díaz Marín v. Mun. de San Juan,* 117 D.P.R. 334, 337 (1986).

Cuando una agencia administrativa tiene jurisdicción exclusiva sobre una materia, una parte adversa no puede acudir a los foros judiciales sin agotar los remedios administrativos. *Id.* Sólo se permite el preterir el proceso administrativo si están presentes algunas de las excepciones que relevan tal requerimiento, a saber: (1) que el remedio que provee la agencia sea inadecuado; (2) que se pudiera producir un daño irreparable al promovente y en el balance de los intereses no se justifique agotar los remedios administrativos; (3) **que se alegue la violación sustancial de derechos constitucionales**; o (4) cuando se trata de un caso claro de falta de jurisdicción de la agencia, entre otras. *Igartúa de la Rosa v. A.D.T.,* 147 D.P.R. 318, 331-332 (1998). *Cf. Oficina de la Procuradora del Paciente v. Aseguradora MCS,* opinión de 22 de septiembre de 2004, **2004 J.T. S. 160**, págs. 247-248; Sección 4.3 de la Ley de Procedimiento Administrativo Uniforme. 4 L.P.R.A. sec. 2173.

Por excepción, nuestro más alto foro ha reconocido que cuando se trata de una violación de derechos civiles *"que reclama pronta reivindicación, no es necesario ir ante dicho foro administrativo"*. En tales casos, no hay que agotar los remedios administrativos. *Delgado Rodríguez v. Nazario de Ferrer,* 121 D.P.R. 347, 356-357 (1988).

Abundando al respecto, el foro supremo insular en *Igartúa de la Rosa v. A.D.T., supra,* págs. 332-333, expresó que:

*"[...] en situaciones en las que se reclama al patrono una indemnización por violación de derechos civiles, el empleado público "queda excusado de acudir en primera instancia al foro administrativo para reclamar cualquier responsabilidad civil de dicho patrono". Cintrón v. E.L.A. [127 D.P.R. 582], supra, pág. 595. [1990].* **La anterior es particularmente aplicable en situaciones en las que el foro administrativo, como es el caso de la J.A.S.A.P. [Comisión Apelativo], no está facultado por ley para conceder indemnización por los daños y perjuicios sufridos por un empleado como consecuencia de una actuación gubernamental.** *En tales circunstancias, el empleado público "debe acudir directamente al foro judicial con su acción en reclamo de daños y perjuicios para que se entienda interrumpido el término prescriptivo".* (Énfasis suplido.)

## B
**Sobre la Ley de Represalias**

La Ley Núm. 115 del 20 de diciembre de 1991, le reconoce a todo empleado el derecho a no ser discriminado por su patrono como represalias, por ofrecer testimonio o información ante un foro legislativo, administrativo o judicial en Puerto Rico. Art. 1, Ley Núm. 115, *supra,* 29 L.P.R.A. sec. 194, *et seq.*

151

En su artículo 2 de dicho estatuto, se reconoce que:

*"(a) Ningún patrono podrá despedir, amenazar, o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley."*

29 L.P.R.A. 194a(a).

Surge de dicho artículo de ley que para que proceda una reclamación de discrimen por represalias, el empleado tiene que haber intentado o en efecto haber ofrecido información ante un foro legislativo, administrativo o judicial. *Id.*

Al examinar la intención legislativa de la Ley Núm. 115, *supra*, nuestro más alto foro expresó:

*"[...]*

*Por lo tanto, a la luz de las enmiendas realizadas al P. del S. 987 hasta su final aprobación, las normas de hermenéuticas aplicables, el claro texto de la Ley Núm. 115 y su historial legislativo, concurrimos con el Tribunal de Circuito de Apelaciones cuando expone que "la intención del legislador no puede haber sido que la protección que brinda la Ley Núm. 115 a los trabajadores en sus empleos quede supeditada al simple hecho de si es el ente del gobierno el que inicia el procedimiento investigativo en el cual se vierte la información o testimonio por parte del empleado, o si es el empleado el que voluntariamente asiste a la entidad a brindar cierta información y como resultado de ello comienza la investigación". **Somos del criterio que la verdadera intención legislativa de la Ley Núm. 115 es proteger al empleado por expresiones vertidas por éste en cualquier procedimiento, y por consiguiente, resolvemos que acudir al Fondo para acogerse a los beneficios de la Ley Núm. 45 es una "actividad protegida" por la Ley Núm. 115.** (Énfasis suplido.)*

*[...]"*.

*Irizarry v. J & J Cons. Prods. Co., Inc.,* 150 D.P.R. 155, 170 (2000).

Por lo tanto, el Artículo 2 de la Ley Núm. 115, *supra*, le reconoce al empleado que ha sido discriminado por represalias por acudir al FSE, el instar una acción civil en daños y perjuicios ante los tribunales de justicia, en contra del patrono que se alegue que incurrió en tal acto discriminatorio. 29 L.P.R.A. 194b(b). *Véase*, además, *Irizarry v. J & J Cons. Prods. Co., Inc., supra.*

## C
### La Ley Igualdad Oportunidades Empleo

Como parte de los beneficios de la legislación laboral, la Ley Núm. 44 de 2 de julio de 1985, 1 L.P.R.A. secs. 501 *et seq.*, persigue proteger a las personas con impedimentos físicos y mentales, a fin de ampliar sus oportunidades de empleo y prohibir el discrimen contra dichas personas. *García v. Darex P.R., Inc.,* 148 D.P.R. 364, 385 (1999); *Ríos v. Cidra Mfg. Oper. of P.R.,* 145 D.P.R. 746, 749 (1998); véase, además, *Alicea v. A.S.E.M.,* 152 D.P.R. 312, 320-328 (2000).

El Artículo 3 de la Ley 44, *supra*, expone que:

*"Se prohíbe que cualquier persona natural o jurídica, por sí o a través de otra, impida, obstaculice, limite*

*o excluya a otra persona con impedimentos físicos, mentales o sensoriales por el mero hecho de tales impedimentos, de participar, formar parte o disfrutar en o de cualesquiera programas o actividades organizadas, patrocinadas, operadas, implantadas, administradas o de cualquier otra forma dirigidas o llevadas a cabo por cualesquiera instituciones públicas o privadas que reciban fondos del Estado Libre Asociado de Puerto Rico."*

1 L.P.R.A. sec. 502.

El Artículo 6 de tal disposición legal, añade en su parte pertinente, con relación al empleo de personas con impedimentos, que:

*"Las instituciones públicas o privadas no ejercerán, pondrán en vigor o usarán procedimientos, métodos o prácticas discriminatorias de empleo contra personas con algún tipo de impedimento físico, mental o sensorial por el mero hecho de tal impedimento. Esta prohibición incluye el reclutamiento, compensación, beneficios marginales, facilidades de acomodo razonable y accesibilidad, antigüedad, participación en programas de adiestramiento, promoción y cualquier otro término, condición o privilegio en el empleo. [...]."*

1 L.P.R.A. sec. 505.

Como antes señalamos, en casos de discrimen en el empleo por tratarse sobre derechos civiles, los trabajadores no tienen que agotar los remedios administrativos dispuestos por ley y pueden acudir directamente al foro judicial a vindicar sus derechos.

## III
### Aplicación de la norma jurídica

Conforme surge de las alegaciones de la demanda presentada por la recurrida Rosa I. Félix García, el ELA la despidió de sus funciones en el Departamento de la Familia sin justa causa, y alega además, que *"ha sido víctima de hostigamiento laboral por parte de su Supervisora directa [...], creándose con esta situación un ambiente hostil en el empleo"*. Asimismo, la recurrida alegó que el ELA la cesanteó, *"por haber ésta acudido a recibir tratamiento al Fondo del Seguro del Estado, en represalia y en contravención con la Ley [...]"*.

Entre los remedios solicitados por la recurrida en su demanda, se encuentra una compensación de $100,000 por los daños y angustias mentales alegadamente sufridos, *"causados por el ambiente hostil de trabajo"*.

La norma jurisprudencial antes expuesta dispone que el empleado que acude al FSE para acogerse a los beneficios de la Ley Núm. 45, está en *"una 'actividad protegida' por la Ley Núm. 115, supra, [Ley de Represalias]"*. Por lo tanto, de acuerdo a las alegaciones de la demanda de la recurrida y dado a la controversia sobre la supuesta represalias a las que ésta alegadamente fue sometida por el Departamento de la Familia por haberse reportado al FSE, le compete al foro judicial resolver tal reclamo. La recurrida, por excepción, no tenía que agotar los remedios administrativos, ante su reclamo de violación sustancial de derechos constitucionales.

De otra parte, es evidente que la Comisión Apelativa no tiene jurisdicción por ley para compensar por los daños y perjuicios sufridos por los empleados que acuden en apelación administrativa, en casos de discrimen, como los alegados por la recurrida en el presente caso. El tribunal de instancia posee jurisdicción para dilucidar la procedencia de la demanda en daños y perjuicios por discrimen y despido injustificado, y otros reclamos, presentada por la recurrida Rosa I. Félix García, contra el ELA.

Ante tales circunstancias procesales, concluimos que no procede la desestimación de la demanda contra el ELA y el foro de instancia tiene jurisdicción para atenderla y resolverla en sus méritos.

## IV

Por los anteriores fundamentos, se deniega expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones