# 2009 DTA 130

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL IV**

BESSIE VELÁZQUEZ DIAZ
Demandante-Recurrida

v.

ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL, *ET AL*
Demandados-Peticionarios

Núm. KLCE-09-00570

San Juan, Puerto Rico, a 15 de septiembre de 2009

Panel integrado por su Presidente, el Juez Arbona Lago,
la Juez Colom García Vives y el Juez Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante nos, mediante recurso de *Certiorari*, Presbyterian Community Hospital, Inc., solicitando la revisión de una Orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 20 de marzo de 2009. Mediante dicho dictamen, este tribunal postergó resolver una moción de sentencia sumaria por insuficiencia de la prueba hasta escuchar la prueba en juicio.

## I

### Hechos

Conforme surge del recurso ante nuestra consideración, el 19 de abril de 2002, la Sra. Bessie Velázquez Díaz (Sra. Velázquez) radicó demanda de daños contra el Dr. Manuel Velilla, Dr. Roberto Canto y el Ashford Presbyterian Community Hospital (peticionaria o el Hospital) por razón de daños sufridos a raíz de una intervención quirúrgica. A través de la demanda presentada el 19 de abril de 2002, la Sra. Velázquez le imputó responsabilidad vicaria al Hospital por los alegados actos de impericia cometidos por el co-demandado Dr. Manuel Velilla Iglesias (Dr. Velilla). Luego de varios trámites procesales que no se oportuna mencionar, el 13 de enero de 2006, el Hospital radicó moción solicitando sentencia sumaria. El fundamento para tal solicitud consistió en que luego de haberse terminado el descubrimiento de prueba, la Sra. Velázquez no pudo establecer la responsabilidad vicaria del Hospital al amparo de *Márquez Vega v. Martínez Rosado*, 116 D.P.R. 397 (1985).

La Sra. Velázquez se opuso al recurso sumario alegando que los hechos presentados por ésta en la demanda eran solamente los suficientes para establecer la reclamación y que en el caso existían hechos materiales que eran prueba de la responsabilidad solidaria del hospital por la impericia del Dr. Velilla mientras utilizaba las facilidades hospitalarias, además de alegar que el Hospital no debió haberle renovado los privilegios médicos al Dr. Velilla, pues éste tenía la costumbre de incurrir en impericia médica según lo acreditaban cinco reclamaciones judiciales distintas (Ap., págs. 91-100). [1] El TPI nunca adjudicó ésta Moción de Sentencia Sumaria.

Así las cosas, el 4 de diciembre de 2008, Instancia celebró una Conferencia Sobre los Procedimientos señalando la celebración del juicio desde el 23 al 25 de noviembre de 2009. El 17 de febrero de 2006, las partes presentaron Informe de Conferencia con Antelación al Juicio. En éste, las partes fijaron las siguientes controversias:

**"A. PARTE DEMANDANTE**

Si se sometió a la paciente a una operación para removerle el útero, un ovario y su trompa de Falopio sin indicación válida de acuerdo a las normas de la especialidad de ginecología.

**B. PARTE CODEMANDADA PRESBYTERIAN COMMUNITY HOSPITAL**

1. Si el Dr. Velilla Iglesias era empleado del Hospital para el 18 de abril de 2001.

2. Si el Dr. Velilla Iglesias gozaba de privilegios médicos en el Hospital para el 18 de abril de 2001.

3. Si la demandante fue referida al Dr. Velilla Iglesias por el Hospital o por un tercero.

4. La cuantía de los daños sufridos por la parte demandante."

(Ap., págs.17-36).

El 22 de diciembre de 2008, el Hospital presentó Segunda Moción de Sentencia Sumaria por Insuficiencia de la Prueba, reiterando la solicitud de sentencia sumaria hecha dos años antes (Ap., págs. 38-48). En ella alegó que la prueba de la Sra. Velázquez consistía en cinco reclamaciones previas contra el Dr. Velilla, y éstas no demostraban acto alguno de negligencia contra el Hospital. Por su parte, la Sra. Velázquez presentó Oposición a la Moción de Sentencia Sumaria del Hospital el 3 de marzo de 2009, y 3 días luego, el Hospital se opuso mediante Oposición a Réplica a Moción de Sentencia Sumaria por Insuficiencia de Prueba (Ap., págs. 62-64).

El 10 de marzo de 2009, el Tribunal emitió una Orden reservándose la resolución de la referida moción "hasta recibir la prueba en juicio plenario." (Ap., págs. 65-66). El 16 de marzo de 2009, el TPI emitió Orden otorgándole 10 días a la Sra. Velázquez para expresarse "en cuanto a la responsabilidad vicaria del hospital" (Ap., p. 67). Finalmente, cuatro días luego, Instancia ordenó que: "TODAS LAS MOCIONES DISPOSITIVAS, SEAN DESESTIMACIÓN O SENTENCIA SUMARIA, SE RESERVAN POR EL TRIBUNAL, HASTA ESCUCHAR LA PRUEBA." (Ap., p. 69).

Insatisfecho ante tal determinación, el peticionario recurre ante nos, aduciendo, en síntesis, que erró el TPI al reservarse la adjudicación de la Moción de la Sentencia Sumaria presentada por el Hospital hasta escuchar la prueba. Procedemos a resolver.

**Exposición y análisis**

La controversia ante nuestra consideración se enmarca dentro del contexto de una solicitud de sentencia sumaria. La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2 (Regla 36.2), permite a una parte presentar una moción basada o no en declaraciones juradas, para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. *P.A.C. v. E.L.A. I*, 150 D.P.R. 359 (2000); *Piñero v. A. A.A.*, 146 D.P.R. 890 (1998); *Soc. de Gananciales v. Vélez & Asoc.*, 145 D.P.R. 508 (1998); *Soto v. Caribe Hilton*, 137 D.P.R. 294, 300 (1994). Por su parte, la Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, autoriza al tribunal a dictar sentencia sumaria cuando "no existe controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente". *P.A.C. v. E.L.A. I, supra*; *Soto v. Rivera*, 144 D.P.R. 500 (1997); *Rodríguez v. Srio. de Hacienda*, 135 D.P.R. 219, 222 (1994); *Tello, Rivera v. Eastern Airlines*, 119 D.P.R. 83, 86 (1987); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714, 720 (1986).

El mecanismo procesal de sentencia sumaria debe utilizarse cuando el "promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no han sido refutadas." *García Rivera et al. v. Enríque*, 153 D.P.R. 323 (2001).

El principio rector, al dictar sentencia sumaria, es el sabio discernimiento del juzgador, a los fines de evitar que se despoje a un litigante de su día en corte, principio elemental del debido proceso de ley. *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 D.P.R. 906 (2002); *Consejo Tit. C. Parkside v. MGIC Fin. Corp.*, 128 D.P.R. 538, 548 (1991).

Recientemente en *E.L.A. v. Cole*, 164 D.P.R. 608 (2005), **2005 J.T.S. 55**, el Tribunal Supremo recalcó: "(e)n reiteradas ocasiones hemos expresado que la sentencia sumaria es un mecanismo procesal extraordinario y discrecional que tiene como propósito facilitar la solución justa y rápida de los litigios y casos civiles que no presenten controversias genuinas de hechos materiales y que, por lo tanto, no ameritan la celebración de una vista en su fondo." Es con clara indicación que el Tribunal Supremo establece que la sentencia sumaria procede cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaria. *Asoc. Pesc. Pta. Figueras v. Pto. del Rey, supra*; *Medina v. M. S. & D. Química P. R., Inc.*, 135 D.P.R. 716, 726-727 (1994); *J.A.D.M. v. Centro Com. Plaza Carolina*, 132 D.P.R. 785, 802 (1993). Es por esta razón que sólo debe concederse este remedio discrecionalmente cuando el tribunal esté convencido de que tiene ante sí la verdad de todos los hechos materiales sustanciales y que, por lo tanto, una vista evidenciaria no es necesaria. *Rivera Báez v. Jaume Andújar*, 157 D.P.R. 562, (2002).

La moción de sentencia sumaria no debe ser utilizada en casos complejos o en casos cuya adjudicación requiera un análisis detenido y cuidadoso de los hechos. *Rivera v. Depto. de Hacienda, supra*; *Ríos v. Cidra Mfg. Oper. of P.R., Inc.*, 145 D.P.R. 746 (1998). El mecanismo procesal de sentencia sumaria no es aconsejable en casos donde hay elementos subjetivos, propósitos mentales o negligencia, ni cuando el factor credibilidad es esencial. *Rivera v. Depto. de Hacienda, supra*.

Por su parte, la Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, autoriza al tribunal a dictar sentencia sumaria cuando: 1) no existe controversia real sustancial en cuanto a ningún hecho material, y 2) como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. La jurisprudencia ha definido la consideración que debe tener el tribunal al considerar dicho recurso, definiendo que debe dictarse solamente en casos claros: 1) cuando el tribunal tenga ante si la verdad sobre los hechos pertinentes; 2) éstos no están en controversia; 3) **no hace falta una vista evidenciaría**, y 4) el pleito sólo presenta una cuestión de derecho (énfasis nuestro). *Soto v. Caribe Hilton,* 137 D.P.R. 294, 300 (1994); *Medina v. M.S. & D. Química P.*

*R., Inc.,* 135 D.P.R. 716 (1994); *Rodríguez v. Secretario de Hacienda,* 135 D.P.R. 219, 222 (1994). ·

A partir del análisis contextual y jurisprudencial podemos establecer que de la sentencia sumaria surge claramente que ésta no debería ser utilizada por el tribunal a menos que de la revisión completa de la prueba documental sobre los hechos pertinentes, analizada por el tribunal, surja que el pleito no presenta una cuestión relativa a los hechos y puede el tribunal resolver a base del derecho.

El profesor Cuevas Segarra distingue dos modalidades de sentencia sumaria: la primera es aquella que se dicta a base de documentos ofrecidos por el promovente que, a su vez, demuestran una ausencia de controversia real sobre los hechos medulares del caso, y en donde sólo se requiere aplicar el derecho; la segunda modalidad de la sentencia sumaria es aquella que se dicta cuando luego de un descubrimiento de prueba, se determina que la prueba existente no es suficiente o adecuada para la reclamación y, por ende, corresponde desestimar la misma. Esta última modalidad es la que se conoce como sentencia por insuficiencia de la prueba. José Cuevas Segarra, *Practica Procesal Puertorriqueña, Procedimiento Civil,* Suplemento 2000, **Publicaciones JTS**, San Juan, pág. 83. Esta modalidad no surge taxativamente de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. Nuestro alto foro explicó por primera vez la norma de sentencia sumaria por insuficiencia de la prueba en *Medina Morales v. Merk, Sharp & Dhome,* y según establecida por el Tribunal Supremo de los Estados Unidos en *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

Bajo la modalidad de la sentencia sumaria por insuficiencia de prueba, el Tribunal Supremo de Puerto Rico decidió en *Medina Morales v. Merk, Sharp & Dhome,* que después de que las partes hayan realizado un adecuado y apropiado descubrimiento de prueba, el promovente puede presentar su moción de sentencia sumaria alegando insuficiencia de prueba por parte del promovido. **[2]** La moción del promovente podrá estar acompañada con todos los documentos relacionados con el descubrimiento de prueba o sin documento alguno, si éstos obran en el expediente del tribunal. La parte promovente es la que tiene la responsabilidad de demostrarle al tribunal que la parte promovida no cuenta con evidencia admisible suficiente para probar, por lo menos, un elemento esencial indispensable para su caso. En cambio, la parte promovida tendrá que presentar prueba admisible, que vaya mas allá de la que presentó la parte promovente para poder sostener algún elemento esencial de su alegación.

En *Medina Morales v. Merck, Sharp & Dhome, supra,* nuestro Tribunal Supremo, por voz de la Jueza Naveira de Rodón, reconoció la norma procesal sentada en *Celotex Corp. v. Catrett,* pero explicó que no procedía aplicar la sentencia sumaria, ya que el promovente (Merck, Sharp and Dohme Química de Puerto Rico) no pudo probar la pertinencia de la sentencia sumaria por insuficiencia de la prueba. De los hechos procesales de este caso, surge, con claridad, que Merck, Sharp & Dhome no había puesto al tribunal en posición de poder resolver que la parte demandante no contaba con prueba admisible suficiente para probar los elementos esenciales de su reclamación, por lo que Instancia debió haberla desestimado.

En concordancia con dicha opinión, nuestro alto foro estimó que el promovente debía proveer más prueba para poder cumplir con los requisitos de la solicitud de sentencia sumaria por insuficiencia de la prueba, recomendándole al Tribunal de Instancia que asumiera "un rol activo en el manejo del caso y a emitir ordenes para lograr que se llevase a cabo un adecuado, apropiado y ordenado descubrimiento de prueba por las partes." *supra,* a la pág. 736. En conclusión, desestimó el recurso.

Debemos señalar que la modalidad de sentencia sumaria por insuficiencia de la prueba le aplican todas las normas y los principios que tradicionalmente utilizan los tribunales para atender una solicitud de sentencia sumaria.

Por último, es menester considerar dos aspectos adicionales, el primero es que el Tribunal Supremo de Puerto Rico ha establecido que en "los casos en que se plantea si hay o no negligencia... o en los que resulta

importante determinar el estado mental, de ordinario, no deben resolverse por la vía sumaria". *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272 (1990); el segundo es que cuando le ofrecemos un análisis contextual a la Regla 56 de las de Procedimiento Civil Federal, equivalente a la Regla 36 de las de Procedimiento Civil nuestra, queda establecido que cuando la cuestión a resolverse reposa sobre el aspecto factual y no el legal, la sentencia sumaria no es apropiada. Moore, J., Moore's Federal Rules Pamphlet, Part I. Federal Rules of Civil Procedure, LexisNexis, 2006, pág. 740.

Dentro del marco jurídico y doctrinal antes expuesto, procedemos a resolver la controversia. El Hospital aduce que la determinación de Instancia al reservarse resolver la moción hasta escuchar la prueba "constituye una denegatoria de la Moción de Sentencia Sumaria que es improcedente a la luz de la norma jurídica aplicable". (Escrito del peticionario, p. 8), y que "en este caso de reservar su fallo en cuanto a la Moción [de Sentencia Sumaria] del Hospital, opera fuera del marco procesal de las Reglas de Procedimiento Civil. La Regla 36 de Procedimiento Civil no contempla esta reserva." *Id.* Ello, en atención a que como cuestión de derecho procedía dictar sentencia sumaria a su favor.

De entrada, debemos recordar que el Tribunal Supremo ha resuelto que el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente no implica que la sentencia sumaria procederá automáticamente. *Jusino Figueroa v. Walgreens of San Patricio*, 155 D.P.R. 560 (2001). En la causa ante nos, surge que luego de las partes realizar un descubrimiento de prueba, el tribunal optó por escuchar prueba antes de resolver la moción de sentencia sumaria.

Tampoco sería prudente avalar la postergación de una sentencia sumaria en un caso en donde la parte promovida no ha justificado la necesidad de descubrir prueba adicional, según lo autoriza la Regla 36.6 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.6, para los casos en que la parte promovida no ha podido obtener declaraciones juradas o deposiciones para oponerse a la moción de sentencia sumaria, **[3]** y cuando el promovente ha demostrado cumplir con el requisito normativo de ofrecer, lo que desde su punto de vista, es la ausencia de prueba del promovido. Si el TPI, a tono con su discreción judicial, no está convencido de disponer la causa por insuficiencia de la prueba, ya sea porque los hechos materiales presentados en evidencia por la parte promovente no son suficientes para desestimar la causa, o porque la evidencia presentada no ha sido controvertida por la parte promovida, entonces lo que procede es desestimar el recurso solicitado.

Si de los autos del caso, según evaluados por Instancia, no surge bajo circunstancia alguna que la parte promovida logró cumplir con la primera exigencia de hecho que exige la norma de la sentencia sumaria, es decir: lograr probar que no existía una controversia real y sustancial en cuanto a algún hecho material; y si el tribunal no estuvo convencido con dicho recurso, se frustró una de las consideraciones principales que un foro debe tener al momento de analizar este tipo de recursos, es decir: que no haga falta una vista evidenciaria para evaluarlo. *Medina Morales v. M.S. & D. Química de P.R., Inc.*, *supra*, págs. 726-727.

Ciertamente, para que se pueda dictar sentencia sumaria por insuficiencia de la prueba se debe demostrar que se ha llevado a cabo un descubrimiento de prueba completo y adecuado. Es decir, se tiene que poner al tribunal en posición de evaluar la adecuacidad del descubrimiento. Si el peticionario no cumple con este requisito, el tribunal debe declarar no ha lugar la moción de sentencia sumaria. Aunque no contamos con la razón específica que mueve al tribunal haber postergado la solución de la moción de sentencia sumaria, lo cierto es que el TPI determinó en la Orden recurrida que la sentencia sumaria no podía resolverse por la razón de que necesitaba escuchar prueba. **Posponer resolver una moción de sentencia sumaria y dejarla en suspenso hasta la terminación del proceso, en materia procesal, es equivalente a denegarla.** Aunque la Regla 36 permite una sentencia sumaria sobre parte o toda la reclamación, no permite continuar con ella para dilucidar cuestiones evidenciarias. Constituiría una lesión al debido proceso de ley que un tribunal, dentro de su facultad de discreción judicial, mantenga en suspenso una moción de sentencia sumaria, para en algún momento en el pleito, en el que bien pudiere el promovente estar probando su caso, el tribunal lo detenga e indefectiblemente

declare con o sin lugar, el recurso solicitado. No podemos olvidar que la sentencia sumaria fue concebida como remedio extraordinario.

En cuanto a la solicitud del peticionario de que declaremos con lugar la moción "postergada" por instancia, no estamos en posición de resolver en esta etapa que la reclamación de la Sra. Velázquez contra el hospital sea improcedente por los fundamentos que el peticionario nos presenta en la sentencia sumaria. No tiene razón la peticionaria en su argumento de que procede dictar sentencia sumaria a su favor debido a que la Sra. Velázquez no demuestra ningún acto de impericia cometido por el Dr. Velilla, o porque no ha podido probarle al tribunal "que el Hospital fue negligente al brindarle y/o renovarle los privilegios médicos al Dr. Velilla Iglesias." (Ap., p. 46). Si bien a través de los documentos sometidos por las partes y las estipulaciones de hechos ha quedado establecida la relación entre el médico y la paciente, y habiendo la sentencia sumaria del peticionario incluido Declaración Jurada del Dr. Francisco de Torres, Director del Hospital, acreditando que el Dr. Velilla no era empleado del Hospital a la fecha de los hechos alegados en la demanda, queda por resolver la relación que se creó posteriormente entre la paciente y el hospital. Sobre estos hechos, el peticionario no controvierte ninguna alegación de la Sra. Velázquez. A ello debemos sumarle la consideración de que las dos causas de acción de la Sra. Velázquez se fundamentan en las teorías de responsabilidad vicaria y corporativa por negligencia, conforme a *Márquez Vega v. Martínez Rosado*, 116 D.P.R. 397 (1985). De autos surge que en esta causa no está en controversia que la Sra. Velázquez era paciente privada del Dr. Velilla, con quien recibía la atención previa y quien ordenó su admisión al Hospital, pero a partir de estos hechos incontrovertidos, fue que se desató el resto de las relaciones de cuidado médico y hospitalario que restan por dilucidarse.

De este modo, en concordancia con la gran deferencia que este tribunal le debe al foro primario, por estar en mejor posición para hacer esa evaluación en estos momentos, expedimos el auto solicitado, pero a los efectos de denegar la Moción de Sentencia Sumaria por Insuficiencia de Prueba presentada el 22 de diciembre de 2008 por el peticionario. Entendemos que lo que nuestro hermano foro hizo fue desestimar la solicitud de sentencia sumaria presentada por el Hospital.

### III

Así pues, a consecuencia de la normativa reseñada y lo anteriormente expuesto, se expide el auto de *Certiorari* solicitado, para confirmar la desestimación de la moción de sentencia sumaria solicitada el 22 de diciembre de 2008 por el peticionario. Remitimos la causa al TPI para que continúe con los procedimientos.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 130

**1.** Según la demanda presentada por la Sra. Velásquez, los hechos que probaban la responsabilidad vicaria del Hospital consistían en 5 demandas en casos civiles previos en los cuales el Dr. Velilla Iglesias utilizó las facilidades del Presbyterian Community Hospital (Ap., p. 94). Sin embargo, de autos surge que 3 de estos pleitos civiles fueron desestimados por desistimiento, uno fue transado y el Dr. Velilla contribuyó con $3,000; y el otro caso no estaba relacionado con el Dr. Velilla.

"a. En el caso de *Iván Rivera Carrasquillo v. Dr. Manuel Velilla Iglesias,* el Tribunal dictó Sentencia el 20 de noviembre de 2003 autorizando a los demandantes a desistir de su reclamación sin perjuicio (Ap., págs. 49-50).

b. En el caso de *Sandra Brignoni v. Dr. Manuel Velilla Iglesias*, el Tribunal dictó Sentencia el 11 de junio de 1997, desestimando la acción con perjuicio, por falta de interés en tramitar la acción. El 25 de febrero de 1998, y a solicitud de la demandante, el tribunal dictó otra Sentencia autorizando el desistimiento voluntario de su causa de acción con perjuicio

(Ap., p. 50).

c. El caso de *Rubén Vázquez Meléndez v. Ashford Presbyterian Memorial Community Hospital*, culminó en 11 de abril de 2005 cuando el Tribunal aceptó una Estipulación Transaccional entre las partes. Conforme a esta Estipulación el Dr. Velilla Iglesias contribuyó tres mil dólares ($3,000) al pago transaccional global (Ap., págs. 52-53).

d. El número de caso de la penúltima reclamación identificada por la demandante, el asunto de *Mabel M. Figueroa Pérez v. José Dueño*, no está relacionado con el Dr. Velilla Iglesias (Ap., p. 56).

e. La penúltima reclamación aparenta estar erróneamente identificada. Al modificar el último dígito del número del caso, de KDP1197-1403 a KDP1997-1401, aparece una reclamación en contra del Dr. Manuel Velilla Iglesias. Este caso, *Catalina Sanz Santiago v. Manuel Velilla Iglesias*, fue desestimado el 14 de octubre de 1999 por falta de interés de la demandante (Ap., p. 57).

f. El caso de *Ada Delgado Marín v. Manuel Velilla Iglesias* culminó con una Sentencia de Archivo por Desistimiento bajo la Regla 39.1 de Procedimiento Civil (32 L.P.R.A. Ap. III, R. 39.1) a petición de la parte demandante (Ap., p. 58).

**2.** En *Medina v. M. S. & D. Química P.R. Inc.*, *supra*, el Tribunal Supremo atendió la controversia de si un tribunal puede dictar sentencia sumaria a base de una moción en la cual se alegaba que procedía desestimarse la demanda, debido a que la parte promovida no contaba con evidencia suficiente para probar una alegación esencial de su reclamación, bajo el palio de la Regla 36 de Procedimiento Civil, *supra*. El Tribunal Supremo esclareció el alcance de utilización de la moción de sentencia sumaria por insuficiencia de la prueba y explicó que el promovente de la misma puede presentarla, alegando la insuficiencia de la prueba por parte del promovido, pero solamente después de que las partes hayan realizado un adecuado y apropiado descubrimiento de la prueba. *Medina v. M. S. & D. Química P.R. Inc.*, *supra*, a la pág. 732. La parte promovente tiene el peso de demostrarle al tribunal que la parte promovida no cuenta con evidencia suficiente para probar, al menos, un elemento esencial indispensable para su caso. *Id.*

**3.** Analizando esta regla, el profesor Cuevas Segarra explica que:

"[N]uestro ordenamiento jurídico contempla la situación en que el promovido por una moción de sentencia sumaria no ha tenido una adecuada oportunidad de conseguir prueba para apoyar alguno de los hechos esenciales que justifican su oposición. Frente a la situación antes descrita, la Regla 36.6 de Procedimiento Civil, *supra*, provee al Tribunal de Primera Instancia un mecanismo para remediar esta situación. En virtud de lo anterior, confrontado el tribunal con una moción de sentencia sumaria prematura, éste puede, en el ejercicio de su discreción, **posponer** la evaluación de la moción o denegarla en esa etapa de los procedimientos, amén de que el propósito de las reglas de procedimiento es viabilizar el que los tribunales hagan justicia ál resolver las controversias. No obstante, el Tribunal de Primera Instancia debe tomar áquellas medidas que garanticen que no se recurra a la Regla 36.6, *supra*, como un ardid para demorar la solución final del asunto." (Énfasis nuestro).

José L.Cuevas Segarra, *Tratado de Derecho Procesal Civil*, **Publicaciones. J.T.S.**, San Juan, 2000, T. I, pág. 617